# Slaughter *v.* McBride and Latimer.

## *Ejectment.*

1. *Homestead exemption by widow ; what law governs.*—The surviving widow's claim of homestead exemption takes effect at the death of the husband, and is controlled by the law then of force, with the single qualification that, as against debts of the husband, it is governed in quantity by the laws of force when the debt was contracted.

2. *Same.*—A widow, whose husband died after the passage of the act of April 23, 1873, by which all former exemption statutes were repealed, and prior to the passage of the act of February 9, 1877, by which such statutes were re-enacted, is entitled to no homestead exemptions whatever, as against a debt of her husband which was contracted before the constitution of 1868 became binding.

3. *Ejectment ; what title will support.*—Ejectment can only be maintained on a legal title and right to the immediate possession.

4. *Deed of homestead ; when void.*—A deed, executed by a married man of his homestead after the constitution of 1868 went into effect, without the voluntary signature and assent of his wife, is void as a conveyance of the legal title, although the deed was executed in payment of a debt contracted by him in 1859; and it will not, therefore, support an action of ejectment brought by the grantee, after the death of the grantor, against the surviving widow of the latter, for the recovery of such homestead.

Appeal from Montgomery Circuit Court.

Tried before Hon. John P. Hubbard.

Ejectment by J. B. and Georgia Ann Slaughter against McBride and Latimer, for the recovery of a tract of land in the

possession of McBride, as tenant of Latimer. The facts are stated in the opinion. The Circuit Court charged the jury on the written request of the defendants, that if they believed the evidence, they must find for the defendants, and refused a charge asked by the plaintiffs in writing, instructing the jury, that, if they believed the evidence, they must find for the plaintiffs. The charge given and the refusal to charge as requested, were separately excepted to by the plaintiffs, and are here assigned as error.

SHAVER & HUTCHESON, for appellants. (No brief came to the hands of the reporter.)

H. C. TOMPKINS, *contra*. The constitution of 1868 declares every mortgage or *other alienation* of the homestead is void, unless it has the voluntary assent and signature of the wife. This provision does not merely provide for an exemption, but it establishes a rule of conveyance.—Con. of 1868, Art. xix, § 2; *Kennedy v. Stacey*, 1 Baxter, 220; Thompson's Homestead and Exemptions, § 474.

STONE, J.—The plaintiff, Georgia Ann Slaughter, *nee* Latimer, asserts claim to the land in controversy under a deed executed by Joel Latimer in 1869. At that time Joel Latimer resided on the lands as a homestead, and continued to reside upon them until his death in 1874. When said conveyance was executed, Joel Latimer was a married man, and his wife did not join him in the conveyance. She survived him, and defends this suit as landlord, claiming a right to the possession. The tract of land sued for contains only seventy acres, and when the deed was executed, its value did not exceed five hundred dollars.

The deed from Joel Latimer to Georgia Ann Slaughter recites as its consideration, that he, Joel, in 1859 became administrator of the estate of said Georgia Ann's father, of which she, the said Georgia Ann, was sole distributee, and that as such administrator he had received a large sum of money—$5,000 or more—which he had never paid or accounted for. This money was received by Joel in 1859, and the conveyance was made in partial payment of it.

It is settled by our decisions that the surviving widow's claim of homestead exemption takes effect at the death of the husband, and is controlled by the law then of force, with the single qualification that, as against debts of the husband, it is governed in quantity by the law of force when the debt was contracted. *Watts v. Burnett*, 56 Ala. 340; *Wilson v. Brown*, 58 Ala. 62; *Blum v. Carter*, 63 Ala. 235; *Giddens v. Williamson*, 65

Ala. 439. Now, as the debt of Latimer to Mrs. Slaughter was contracted before the constitution of 1868 became binding, and Mr. Latimer died after the act of April 23, 1873, had repealed all former exemption statutes, and before they were re-enacted, February 9th, 1877,—Code of 1876, § 2844—it follows that as against Mrs. Slaughter's claim, Mrs. Latimer is entitled to no homestead exemption whatever. This, because at the time her homestead exemption accrued by her husband's death in 1874, there was no statute in force which secured exemptions against debts contracted before the constitution of 1868 became binding.—*Lovelace v. Webb*, 62 Ala. 271.

The present action, however, is brought, and can be maintained only on Mr. Latimer's deed, which bears date in 1869. Ejectment can only be maintained on a legal title and right to the immediate possession. Mrs. Slaughter must recover on her deed, or she can not recover at all; and her right of recovery must date from the date of her deed. The law courts can deal only with legal rights, and can enforce only legal remedies. The fact that the land in controversy can, by proper proceedings, be made subject to a debt contracted in 1859, can not aid a legal title which dates only from 1869. Till that deed was made Mrs. Slaughter had no *jus in re*. As a muniment of title to support an action of ejectment, that conveyance was void under the constitution of 1868, because it was Latimer's homestead, and was executed without the voluntary signature and assent of his wife.—*Miller v. Marx*, 55 Ala. 322; *McGuire v. Van Pelt, Ib.* 344.

Affirmed.

At a subsequent day of the term, the appellants, by their attorneys, SHAVER & HUTCHESON, applied for a rehearing, in support of which they contended as follows: (1). The debt in payment of which this deed was executed, was contracted prior to the constitution of 1868, namely, in 1859. The deed was made in 1869, after the constitution became binding. At the time the debt was contracted, no mode of alienation of the homestead was prescribed, and the husband could convey without the wife's signature and assent. To pronounce the deed void, because it does not conform to the mode of alienation prescribed by the constitution of 1868, is to make that provision of the constitution retroactive. But such a construction would impair the obligation of contracts, and hence, would be violative of the Federal constitution.—Thomp. on Hom. §§ 10, 11, 12, 292, 469; *Gunn v. Barry*, 16 Wall. 610; *Edwards v. Kearzey*, 96 U. S. 595. (2). "A conveyance to secure a debt which is *privileged* against the homestead exemption will pass the right of homestead, although the signature of the wife is

imperfectly acknowledged or attested, or although the wife does not join in the deed at all, *since, as to such debt, there is no homestead exemption.*"—Thomp. on Hom. § 469 ; *Wood v. Lord,* 51 N. H. 448 ; *Strachn v. Foss,* 42 N. H. 46 ; *Burnside v. Terry,* 51 Ga. 186. (3). The homestead exemption clause· of the constitution of 1868, by express terms, applies to "any debt contracted *since the 13th day of July, 1868,* or *after the· ratification of this constitution.*" And it further provides that· " *such exemption,* however, shall not extend to any mortgage· lawfully obtained, but such mortgage or other alienation of such *homestead,* by the owner thereof, if a married man, shall not be valid without the voluntary signature and assent of the wife of the same." Here we have a single section of the constitution creating and defining a homestead and limiting it to certain debts in the first part, and prescribing a mode of alienation of *such homestead* at the conclusion. The words, *such homestead,* necessarily refer to the homestead therein created and defined. As to debts contracted prior to the dates mentioned in the constitution, *such homestead* did not exist ; but as to those debts, *another homestead* existed, and no mode of alienation of *that* homestead has ever been enjoined. The mode of conveyance is expressly limited to the homestead therein created. *Expressum facit cessare tacitum.* There is. no reason for holding that the first part of the constitutional provision under consideration has merely a *prospective* operation,. and that the the remainder is *retrospective* in its operation. (4). There are two homesteads recognized by the law, the home-- stead of the husband or head of the family and the widow's homestead. The husband's homestead terminates at his death ; the widow's vests at that time and is dependent upon the law then of force. The husband's homestead, then, is a life estate ;. but in the conveyance in this case, the husband reserves a life estate in the land conveyed—hence he does not convey his. homestead, and at his death in 1874, under the law then in force, the widow was entitled to no homestead as against a debt contracted before the constitution of 1868 became binding, and hence there was then nothing to prevent the conveyance of the remainder in fee taking effect.—Thom. on Homestead and Exemptions, § 543 ; *Lovelace v. Webb,* 62 Ala. 271.

STONE, J.—In response to the application for a rehearing, we will add, that the ruling in this case does not go the length of holding that the plaintiff is without remedy to subject the land in controversy to her demand. It simply rules that she can not maintain ejectment on the title she has. An action of ejectment is not so framed, as to furnish the necessary machinery for the purpose. The present suit shows the inaptness of

33

[Slaughter v. McBride and Latimer.]

this remedy to secure the relief the plaintiff claims. The deed, dated in 1869, shows a *prima facie* title in the plaintiff. Proof that when the deed was executed, Latimer, the grantor, was a married man, resided on the premises, and that his wife did not join in the conveyance, overturns that presumption, and, in the absence of other proof, shows the deed was void. How is this proposed to be met? By showing that the consideration on which the deed was executed was an indebtedness of the grantor, incurred before the constitution of 1868 went into operation, and therefore Mrs. Latimer has no homestead right. The question of such anterior indebtedness is one of fact, and disputable. What issue would this present? In an action of ejectment, to determine the relative strength of the rival titles of Mrs. Slaughter and Mrs. Latimer to a tract of land, the real contention would be whether Mr. Latimer was indebted to Mrs. Slaughter, and the date of such indebtedness.

As we intimated in the opinion in chief, until Latimer executed the deed to Mrs. Slaughter in 1869, she had no title or claim, legal or equitable, to the land. If she had then held an equitable title, equity would have enforced it, and converted it into a legal title. And if such had been the status of the land in controversy, Latimer might, by conveyance executed by him, have clothed her with a legal title; for whatever equity will order to be done, it will approve as well done, when accomplished by parties themselves. But that is not this case. Before the execution of Latimer's deed, equity would not and could not have coerced the conveyance to Mrs. Slaughter. She had no right in the land. She had neither *jus ad rem*, nor *jus in re ;* and she had no lien on the land. The extent of her rights in the premises was, that so long as Latimer remained the owner of the land, she could, by legal process, have it sold in payment of her demand.

We have been referred to the case of *Strachn v. Foss*, 42 N. H. 43. That was a proceeding in equity, instituted by the claimant of homestead exemption. It sought affirmative relief, and failed to show an equitable right to it. In the case of *Wood v. Lord*, 51 N. H. 448, the claimant of homestead was also the actor, and prayed relief. Those cases are unlike this. The petition for rehearing must be denied.