[Parsons v. Woodward.]

# Parsons *v.* Woodward.

*Statutory Real Action in Nature of Ejectment.*

1. *Bill of exceptions; documents sought to be made part of, by reference.* When a document is sought to be made a part of a bill of exceptions by reference, and not by copy, it must be so described by its date, amount, parties, or other identifying features, that the transcribing officer can, unaided by memory, readily and with certainty determine, from the description itself, what document or paper is referred to, without room for mistake.

2. *Same; when document referred to, sufficiently identified.*—Where a bill of exceptions, taken on the trial of a statutory real action in the nature of ejectment, shows that the plaintiff claimed title through a sheriff's deed executed to her, and that the sheriff was examined as a witness, and, while he was on the witness' stand, a deed was handed to him, which he identified as the deed executed by him to the plaintiff; stating the date of sale, the date and consideration of the deed, the parties thereto, its subsequent delivery to the plaintiff, and acknowledgment by him; and he further testified that he never made but the one deed to the plaintiff, and no other deed in regard to the lands described therein; all of which is set out in the bill of exceptions, with the recital that the deed was read in evidence, followed by this language: "(It is agreed that the clerk may here set out said deed in full, with its endorsements);"—*held*, that a deed copied in the bill of exceptions by the clerk as the deed referred to, corresponding in all particulars with it, was sufficiently identified and described to preclude mistake in copying, and constituted a part of the bill of exceptions.

3. *Same; when documents not sufficiently identified.*—It was further held that other documentary evidence, sought to be made a part of the bill of exceptions by reference, was not sufficiently identified, and did not, for that reason, constitute a part of the record.

4. *Deed; when self-proving.*—A deed to land, executed by a sheriff and duly acknowledged by him, and recorded in the office of the judge of probate of the county in which the land lies, within twelve months after its execution, is self-proving, and may be admitted in evidence without proof of its execution.

5. *Suit for recovery of lands, the separate estate of a married woman; how brought.*—For the recovery of lands belonging to the statutory separate estate of a married woman, she must sue alone, and a recovery can not be had in a suit brought by her and her husband jointly.

6. *Same; when evidence of consideration of deed inadmissible.*—Where husband and wife sue jointly in ejectment, or a statutory real action in the nature of ejectment, claiming title under a deed which, on its face, creates a statutory separate estate in the wife, they can not be allowed, for the purpose of showing that they are entitled to a joint recovery, to prove by parol evidence, that the purchase-money, paid for the lands sued for, belonged to the wife's equitable separate estate.

APPEAL from Talladega Circuit Court.

Tried before Hon. LeRoy F. Box.

This was a statutory real action in the nature of eject-
VOL. LXXIII.

[Parsons v. Woodward.]

ment, and was brought by M. C. Woodward, a married woman, and J. A. Woodward, her husband, against Lewis E. Parsons, and others, his tenants in possession. The plaintiffs and the defendant Parsons both deduced title from one J. L. Elston, the former claiming under a sale and conveyance made by the sheriff of Talladega county to Mrs. Woodward, under divers executions issued on judgments rendered against Elston in the circuit court of said county; and the latter, under a mortgage executed to him by Elston on 11th June, 1867, a date prior to the time when the executions against Elston, under which the sale was made to Mrs. Woodward, came to the hands of the sheriff, but after the rendition of the judgments, on which the executions were issued. The plaintiffs attacked the validity of this mortgage, on the ground that it was made with the intent to hinder, delay and defraud Elston's creditors; and this and the right of the husband to join in the suit as a party plaintiff were the principal points of controversy in the lower court. The view taken by this court of the case made by the record renders it unnecessary to set out the evidence touching the *bona fides* of the mortgage, or the rulings of the court thereon; and the facts on the other point are sufficiently indicated in the opinion.

It appears from the bill of exceptions, as copied in the transcript certified as a return to a writ of *certiorari* ordered by this court, that much documentary evidence was introduced on the trial of the cause in the circuit court, including, among other papers, the deed executed by the sheriff to Mrs. Woodward, and the judgments and executions on which it rested, and the mortgage executed by Elston to the defendant Parsons, none of which were copied into, but sought to be made a part of, the bill of exceptions by reference, with statements, at the places they were intended to be inserted, in parentheses, that it was agreed that the clerk might set them out in full. The recitals in the bill of exceptions as to the introduction of the judgments are as follows: " The plaintiffs offered the following judgments [four in number] rendered in the Circuit Court of Talladega county, Alabama, viz: 1. John A. Winston & Co. vs. J. E. Elston and Allen Elston, rendered May 14th, 1867, for $2018, besides costs, and the summons and complaint;" and the other three judgments are similarly described. Then follows, in parenthesis, the statement, that "it is agreed that the clerk may here set out said judgments and summonses and complaints in full." As further recited, " the plaintiffs then offered in evidence the four following executions issued on said judgments, on Oct. 7th, 1867, and on the same day received by the sheriff and levied, togther with all the endorsements thereon, showing levy, sale and return;" and this recital is followed by a state-

[Parsons v. Woodward.]

ment of a similar agreement to the one above noted. The facts touching the introduction of the sheriff's deed are given in the opinion. The statement as to the introduction of the mortgage relied on by the defendants is as follows: "The defendants then [immediately after the plaintiffs rested their case] offered in evidence a mortgage made and executed by J. L. Elston to Lewis E. Parsons. (Here it is agreed that the clerk may set out said mortgage.)"

The portion of the general charge of the court which is made the subject of appellant's first exception, and is referred to in the opinion, instructed the jury, in substance, as follows: If the jury believe from the evidence, that certain judgments, therein referred to, were rendered against Elston in the Circuit Court of Talladega county, in this State, and that executions were issued thereon, placed in the hands of the sheriff of said county, and by him levied on the lands in controversy, and that he duly sold said lands under said executions, and at the sale J. A. Woodward bid in said lands as trustee for his wife, and paid for them out of moneys belonging to her equitable separate estate, and received from the sheriff a deed, duly executed, conveying said lands to the wife, this discharged the burden of proof which, in the first instance, rested on the plaintiffs, and in the absence of other evidence, would entitle them to recover.

Exceptions were reserved by the appellant to the rulings of the primary court on the admissibility of evidence; but, as the rulings thereon, discussed by this court, are sufficiently indicated in the opinion, and the other rulings are only passed on in a general way, without particularizing, or discussing the principles on which they rest, a statement of them here is not deemed necessary. The appellant also reserved exceptions to charges given at the instance of the appellees, and to charges asked by him and refused; but, as they are not passed on by this court, they are also omitted.

The rulings on the admissibility of evidence, and the charges given and refused are here assigned as error.

BOWDEN & KNOX, JOHN T. HEFLIN and THOS. H. WATTS, SR., for appellant. (1) The following authorities cited and discussed on appellees' motion to strike out and reject what purports to be the documentary parts of the bill of exceptions: *Garlington v. Jones*, 37 Ala. 240; Powell on Appellate Proceedings, p. 233, § 33*a; Washington Mutual Ins. Co. v. Reid*, 20 Ohio, St., p. 207; *Looney v. Bush*, Minor, 413; *Bank v. Moseley*, 19 Ala. p. 223; *Bradley v. Andress*, 30 Ala. p. 82; *Farmer v. Wilson*, 34 Ala. p. 77; *Tuscaloosa county v. Logan*, 50 Ala. 503; *Spencer v. Pilcher*, 8 Leigh, 565; *Johnsbury v. Water-*

*ford*, 15 Vt. 692; *Doe, ex dem. Stark v. Gildart*, 5 How. (Miss.) p. 618; *A. & N. R. R. Co. v. Wagner*, 19 Kans. 335; *Harman v. Chandler*, 3 Iowa, 152; Rule 17, Code of 1876, p. 156; Code of 1876, § 3109. (2) The sheriff's deed conveys the lands to Mrs. Woodward by name, without any trust or qualification. Without doubt, on its face, the deed conveys to her a statutory separate estate.—*Short v. Battle*, 52 Ala. 456; *Wheeler v. Walker*, 64 Ala. 560. (3) It is too clear to admit of dispute, that husband and wife can not join in a suit to recover the *corpus* of the wife's statutory separate estate. *Wilkins v. Judge*, 14 Ala. 135; *Walker v. Fenner*, 28 Ala. 367. (4) The fact that the money which paid for the land was the equitable separate estate of the wife, can make no difference, because the deed, vesting the title of the land in the wife as her statutory estate, must control in a court of law, whatever may be her rights in a court of equity.— *Wheeler v. Walker*, 64 Ala. 560.

SAM'L F. RICE, *contra*. (1) On motion to strike out and reject what purports to be the documentary parts of the bill of exceptions, the following authorities cited and discussed: *Bank v. Moseley*, 19 Ala. 222; *Looney v. Bush*, Minor, 413; *Stodder v. Grant*, 28 Ala. 416; *Garlington v. Jones*, 37 Ala. 240; *Tuscaloosa Co. v. Logan*, 50 Ala. 503; *Strawbridge v. The State*, 48 Ala. 308; *Clements v. Taylor*, 65 Ala. 363; *Boswell v. The State*, 63 Ala. 307; *Leftwitch v. Lecanu*, 4 Wall. 187; *McCrarey v. Remson*, 19 Ala. 435; *Carroll v. Pathkiller*, 3 Port. 283; *The State v. Bohan*, 19 Kansas, 28; *A. & N. R. R. Co. v. Wagner*, *Ib.* 335; *Hill v. Holloway*, 52 Iowa, 678; *Harman v. Stange*, 62 Ga. 167; *Hallam v. Jacks*, 11 Ohio St. 692; *Carey v. McDougald*, 25 Ala. 109; *Austin v. Rodman*, 1 Hawks, 76; *Reid v. Kelly*, 1 Dev. 313; *Tisdale v. Gandy*, 1 Hawks, 282; *Rolater v. Rolater*, 52 Ala. 111; *Kerley v. Vann*, 52 Ala. 7; *Farmer v. Wilson*, 34 Ala. 75; *Sidener v. Davis*, 69 Ind. 342; *Woollen v. Wishmier*, 70 Ind. 114; *Kimball v. Loomis*, 62 Ind. 201. (2) In the action of ejectment, or its statutory substitute, no special pleading is essential; and if two persons appear therein as plaintiffs, they are entitled to recover, if the evidence proves that they were and are husband and wife, and that their right and interest are such as entitle them to join as plaintiffs, and as such joint plaintiffs to recover the land sued for, and the damages usual in such cases. The evidence shows that it was proper that the husband and wife should sue in this case.—*Pickens v. Oliver*, 29 Ala. 528.

STONE, J.—The present suit was brought by Woodward and wife, and is a statutory real action for the recovery of the

[Parsons v. Woodward.]

lands described in the complaint. The *onus*, as in all other cases, was on the plaintiffs to show at least a *prima facie* right to recover. Showing that, they could rest, and the *onus* would then be shifted, and the defendant would be required to rebut, or overturn that *prima facie* case. The plaintiffs recovered below, and the defendant appeals. On him rests the burden of showing the circuit court erred to his prejudice. The errors assigned are all based on a bill of exceptions signed by the presiding judge. Much of the testimony was documentary, and a motion is here made by the appellees to strike out and reject what purports to be the documentary parts of the bill of exceptions, because, not being copied in the bill when it was signed, it is claimed that they are not sufficiently described and identified in the paper which bears the judge's signature, to authorize their insertion. When the bill was signed, it did not contain the documentary proof, copied *in extenso*. There was a manifest attempt, in the body of the bill, to so refer to them, that the clerk could copy them at the proper places. Was this done with sufficient particularity?

It is a rule, and the only safe one, that, in judicial proceedings, nothing is to be left to unrecorded memory. The record must speak by and for itself, without the aid of oral proof, or human recollection. Such is the rule as to amendments *nunc pro tunc.*—1 Brick. Dig. 78–9. Recitals of record are, therefore, conclusive, and are not open to disproof by any testimony that is not itself a record, or *quasi* a record.—*Deslonde v. Darrington*, 29 Ala. 92. And the officer's recollection of what took place can not aid an imperfect record.—*McDougald v. Dougherty*, 39 Ala. 409. The record must be so complete, that a succeeding officer, coming into the place of the one before whom the business was transacted, can not reasonably mistake what was done. Applying this rule to a bill of exceptions, when a document is sought to be made a part of it by reference, and not by copy, it must be so described that a succeeding clerk can readily and with certainty know what document or paper is referred to, without room for mistake. Speaking on this subject, this court, at an early day, said, the reference must "so describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistakes in the transcribing officer."—*Looney v. Bush*, Minor, 413. That rule has been ever since strictly adhered to in this court.—*Pearce v. Clements*,, at this term [*ante*, p. 256], which collects the authorities, and reviews them. We will follow the rules there laid down.

The plaintiffs, as the testimony independent of the deed tends to show, derived title to the land through a sheriff's sale and conveyance, made January 6th, 1868. The recitals in the

[Parsons v. Woodward.]

bill of exceptions tending to describe and identify the deed, are as follows: The sheriff had been sworn as a witness, and was on the stand. "A paper was here handed to the witness, and he, continuing to testify, said: 'This is a deed executed by me as sheriff to Minerva C. Woodward. The lands were sold on Monday, January 6th, 1868, for $4000 to Minerva C. Woodward, that sum having been bid for them by Joseph A. Woodward as trustee for her. . . I made this deed, and made but the one to Mrs. Woodward. I made none to Joseph A. Woodward. I made the deed on the day of the sale, and before midnight. The sale was made about 12 o'clock, on Monday, January 6th, 1868, and between then and midnight I made the deed, though I can't say exactly when. The deed is the only writing about the sale of the lands I ever made. I delivered this deed to Joseph A. Woodward on April 2nd, 1868. . . I never saw it any more till I acknowledged its execution, which was some time after the delivery of the deed to Woodward.'" The language of the bill of exceptions as to this deed is as follows: "(It is agreed that the clerk may here set out said deed in full, with its indorsements.)" The deed copied by the clerk as the deed referred to, bears the name of the sheriff as grantor, is made to Minerva C. Woodward, dated January 6th, 1868, has a certificate in due form of law made by a justice of the peace, certifying the acknowledgment before him, April 20, 1868, and another certificate of same date by the probate judge, that the deed was filed with him for record. The lands described in the deed embrace the lands sued for in this action. Now, the sheriff in his testimony describes the deed by its date, parties and consideration, as the same appear in the deed itself; says he never made but the one deed to Mrs. Woodward, and no other deed in regard to these lands; says he acknowledged its execution some time after April 2nd, 1868; and the deed when produced contains two official certificates, giving strong confirmative evidence of its genuineness. We think this deed is sufficiently identified and described to preclude mistake in copying. The sheriff's deed must be regarded as a part of the bill of exceptions; but none of the other documents are sufficiently described to let them in.

The deed, we have said, bears date January 6, 1868. The certificate of acknowledgement bears date April 20, 1868. As the deed has no subscribing witness, it was inoperative as a title until it was acknowledged. Being received for record in the probate office in less than twelve months after its execution, it became self-proving.—Code of 1876. § 2154. The circuit court did not err, either in admitting the deed in evidence as self-proving, or in allowing proof of its execution by the

23

[Parsons v. Woodward.]

maker, for there was no subscribing witness, and the testimony was at most redundant.

Courts of law regard only legal titles to land, and can give no consideration to equitable rights. Hence, no matter what the strength of plaintiff's equitable rights may be, the plaintiff, in such action as this, can not recover.— *You v. Flinn*, 34 Ala. 409; 1 Brick. Dig. 627, §§ 33, 34; *Slaughter v. McBride*, 69 Ala. 510. And where two sue jointly, both must be entitled to recover, or neither can.—*Schaffer v. Lavretta*, 57 Ala. 14.

The chief link in the title of plaintiffs is the deed made by Shouse, the sheriff, to Minerva C. Woodward, a married woman, and to her heirs and assigns. It contains no words qualifying her title, nor excluding her husband's marital rights. This deed, as we have seen, was executed in 1868, and on its face conveyed to her a statutory separate estate, under our statutes known as the woman's law.—Code of 1876, § 2705. In suits for such property, the wife must sue or be sued alone.—*Ib.* § 2892. Now, inasmuch as the plaintiff, in a statutory real action, must recover on the strength of his own title, it follows that he must show a *prima facie* right to recover, in the very action he is prosecuting, before the defendant need offer any proof. The most that can be affirmed of plaintiffs' proof is, that it shows a *prima facie* right in Mrs. Woodward to maintain the action, and no right whatever in her husband. In fact, it shows on its face that he has no title, legal or equitable, in or to the lands sued for. Governed by the face of the deed, he should not have joined as a plaintiff, and his joinder was fatal to Mrs. Woodward's right to recover.—*Schaffer v. Lavretta, supra.* Nor could there be a joint recovery on Mr. Woodward's prior possession. So far as that furnished evidence of a right to sue, it tended to show title in Mr. Woodward alone, and none in Mrs. Woodward.

But plaintiffs offered to prove, and were permitted to prove, that the consideration-money with which the land was purchased, was of the equitable separate estate of Mrs. Woodward. This, we suppose, with the intent of showing that the two had the right to maintain the action jointly. We need not announce what would have been the effect of such proof on the question of parties plaintiff, if the proof had been legal. The claim of plaintiffs resting on a title deed which, on its face, showed that Mrs. Woodward should sue alone, it was not permissible to vary the terms of the deed by oral proof, and thus show that, in fact, another should be joined with her in the action. A plaintiff's right of recovery can not be established in this way. *You v. Flinn, supra; Slaughter v. McBride, supra.*

In what we have said above, we wish not to be misunderstood. If any question could have properly been raised in the

[Parsons v. Woodward.]

court below, affecting the *bona fides*, as against creditors, of Woodward's course in having the title placed in his wife, then proof that the consideration either did or did not move from her would have been admissible. This question, however, could only be raised by or against creditors of Woodward, seeking to condemn the property as his. So far as the appellant is concerned, it is immaterial whether the consideration moved from Mr. or Mrs. Woodward. The material inquiry was, whether there was a sufficient consideration to make a *prima facie* case. The real contention was between Mrs. Woodward as a purchaser, claiming in the right of creditors of Elston, whose rights, she asserts, had been transferred to her by the sheriff's sale and conveyance, and the rights of Mr. Parsons as a mortgagee, whose title accrued after the debts were contracted, under which Mrs. Woodward claimed. In such issue, as we have said, it was immaterial whether the sheriff's deed should have been made to Mr. Woodward, or Mrs. Woodward. That did not and could not affect Mr. Parsons' rights of defense. These were the same in each case. In either event, the *onus* would be cast on the latter to prove his mortgage had a valuable and sufficient consideration. In either event, his mortgage would be open to attack for fraud, bad faith, or secret trust, if made out. All we mean to affirm is, that in such an action as this, founded on documentary title, it is not permissible to aid the plaintiffs' title by oral proof of an equity, unless the nature of the adversary claim is such that the *bona fides* with which such title was acquired can be, or is in issue. And so, when the legal title is shown to be in one of two plaintiffs in an action for the recovery of land, it is not permissible to show, by parol proof of the consideration, that another may be joined as plaintiff.

Under these rules, the testimony introduced by plaintiffs tending to show the source from which the money was derived, with which the lands were purchased, was irrelevant, and should have been excluded. Mrs. Woodward alone had the legal right to sue on the title she put in evidence. And that part of the general charge, which summarizes the main features of plaintiffs' case, and is made the subject of appellant's first exception, should not have been given. It affirms that if the facts therein postulated be found to exist, this would discharge the burden of proof which in the first instance rested on the plaintiffs. In other words, that this would show a *prima facie* right to recover in this action. It would show a *prima facie* right to recover in a suit by Mrs. Woodward alone. It showed no such right to recover by the two suing jointly.

The charges given at the instance of plaintiffs, and excepted to, and the charges asked by defendant and refused, are not so

presented that we can consider them. In the other rulings on the admissibility of testimony, we find no error.

Reversed and remanded.