(87 South. 95)
**MESHOW v. AGEE.   (7 Div. 47.)**

(Supreme Court of Alabama.   June 30, 1920. Rehearing Denied Oct. 30, 1920.)

1. **Exceptions, bill of** ⟝56(2)—**Bill of exceptions with indorsement disclosed substantial compliance with Code as to notation of presentation and of approval.**

   Bill of exceptions having indorsed on its back, "Presented this 7th day of July, 1919," etc., *held* to disclose substantial compliance with Code 1907, § 3019, as to the notation of presentation, as well as the signing by the trial judge, though it is customary and would perhaps be more orderly to place the signatures as to presentation and approval at the conclusion of the document instead of on the back.

2. **Appeal and error** ⟝728(2)—**Assignment of error designating exhibit as attached to transcript not considered if no exhibit attached.**

   Where an assignment of error complains of the rejection of a certain letter, specifically identified as evidence "attached as Exhibit B to the transcript," the transcript should disclose such an exhibit.

3. **Appeal and error** ⟝1047(1)—**Rulings on collateral or incidental evidence harmless.**

   Where the record discloses no evidence on which plaintiff could rely to make out a prima facie case or the exclusion of evidence which would have had such effect, the other rulings on evidence, merely collateral or incidental to the main issue, were harmless; such evidence being irrelevant and immaterial.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by Mrs. M. A. Meshow against A. P. Agee. From judgment for defendant, plaintiff appeals. Affirmed.

Indorsed on the back of the bill of exceptions is the following:

"Presented this 7th day of July, 1919, Hugh D. Merrill, Judge. Approved and allowed as bill of exceptions in this case, this Sept. 1, 1919. Hugh D. Merrill, Judge."

W. T. Stuart and Chas. F. Douglas, both of Anniston, for appellant.

The bill shows that it was properly presented and signed. 102 Ala. 304, 15 South. 528; 105 Ala. 1, 16 South. 575; 34 Mo. 316; section 6112, Code 1907. Counsel discuss the errors assigned, with citation of authority. They insist that the letter was properly identified, and should have been permitted in evidence. 101 Ala. 219, 12 South. 770; 73 Ala. 352; 108 Ala. 640, 18 South. 689; 188 Ala. 536, 66 South. 454.

Blackwell, Agee & Bibb, of Anniston, for appellee.

Bill of exceptions should be stricken, because not properly signed. 54 Ala. 177; 17 Ala. 700. Bill of exceptions fails to show any Exhibit B, and the court cannot say to what the exception refers, and hence will not consider it. 73 Ala. 348; 37 Ala. 240; 34 Ala. 75; 34 Ala. 114; 113 Ala. 233, 21 South. 227; 96 Ala. 276, 11 South. 483, 17 L. R. A. 474; 163 Ala. 272, 50 South. 906; 149 Ala. 210, 43 South. 71.

ANDERSON, C. J. [1] The bill of exceptions discloses a substantial compliance with section 3019 of the Code of 1907, as to the notation of the presentation, as well as the signing of same by the trial judge. It is customary, and would perhaps be more orderly, to place the signatures as to presentation and approval at the foot or conclusion of the document instead of upon the back of same as was done in this instance; but the action of the judge was a sufficient compliance with the statute, and the motion to strike the bill of exceptions is, accordingly, overruled.

[2] The second assignment of error complains of the rejection of a certain letter as evidence "attached as Exhibit B to the transcript." We find no such exhibit to the transcript. Indeed, the only letter which the court seems to have excluded from evidence was one "which is attached hereto as Exhibit B," and we find no such exhibit anywhere in the transcript. The document or documents could no doubt have been designated by date or otherwise, if not copied in the bill of exceptions; but when specifically identified as "Exhibit B" the transcript should disclose such an exhibit. Parsons v. Woodard, 73 Ala. 348. The transcript in question sets out several documents, including two letters or notices, but none of which purport to be or are designated as Exhibit B, and such a designated document is the one that seems to be relied upon in the proffered proof as well as the assignment of error.

[3] Since the record discloses no evidence upon which the plaintiff could rely for making out a prima facie case, or the exclusion of evidence which would have that effect, the other rulings upon evidence, which were merely collateral or incidental to the main issue, were innocuous, and such evidence was irrelevant and immaterial.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The judgment of the circuit court must be affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes