# Wadsworth v. Williams.

*Action of Trespass for Cutting Timber.*

1. *Bill of exceptions; presumption when all the evidence not set out.*— When the bill of exceptions does not purport to set out all the evidence

dence, this court will, on appeal, presume there was evidence introduced on the trial of the cause which justified the action of the lower court.

2. *Charge to the jury; undue prominence to a part of the evidence.*—A charge to the jury which emphasizes and gives undue prominence to any single fact or part of the evidence, is calculated to mislead the jury and should be refused.

3. *Abstract charges.*—Charges that are abstract should be refused, although they contain correct propositions of law

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. JAMES R. DOWDELL.

This was an action of trespass, brought by the appellee, James R. Williams, against the appellant, W. W. Wadsworth, to recover damages for cutting and carrying away timber and wood from the lands, which were alleged to be the property of the plaintiff; and was commenced on March 7, 1891.

The bill of exceptions in this case was as follows: "The plaintiff introduced for the purpose of showing possession of certain land, the following deeds, one from Marity Mire to H. W. Clark & Co.—a timber deed—executed on the 26th day of May, 1883, and filed in the probate office of Autauga county for record April 22d, 1891, and recorded July the 10th, 1891. And one deed from Marity Mire to Albert Mire, executed the 27th day of November, 1888, which deed was filed for record in the probate office of Autauga county, February 2, 1891, and recorded July 14, 1891. During the progress of the trial, the defendant introduced evidence tending to show that he came into the possession of the lands in controversy in this case under a deed executed to him by W. C. Howell and wife, Kate T. Howell, May 29th, 1879. Thereupon the defendant asked the court to give the following charges which were in writing: (1.) The jury, in investigating the question of possession of the lands, the subject of contention in this suit, may look to the fact, if it be a fact, that some of the deeds introduced by the plaintiff were not recorded in the probate court of Autauga county until the commencement of this suit in this court. (2.) That the jury, in investigating the facts of this case and weighing the testimony, may look to the fact, if it be a fact, that the Mire's deed and the timber right deed to Clark & Co., introduced by the plaintiff, were not recorded in the probate court until the

commencement of this suit; and if the jury believe from the evidence that the defendant entered into the possession of the lands in controversy, in good faith and under color of title, and held the same without notice of the plaintiff's title, then he would not be liable for the alleged trespass, and a verdict can not be rendered in favor of the plaintiff. The court refused each of the charges above mentioned, and to the refusal of each of said charges the defendant excepted."

There was judgment for the plaintiff. The defendant appeals, and assigns as error the refusal of the court to give the charges requested by him.

J. M. FALKNER, for appellant.

No counsel marked for appellee.

COLEMAN, J.—This was an action to recover damages for trespass upon lands. The assignments of error are based upon the refusal of the court to give two several charges requested in writing by the defendant. No briefs have been filed by either party.

The bill of exceptions is very meagre, and does not purport to set out all the evidence. When this is the case this court will presume there was evidence introduced on the trial which justified the action of the court. *Evansville, Paducah & Tennessee River Packet Company v. Slater*, *ante*, p. 245, and authorities collected.

The first charge requested directed the attention of the jury to a single fact. There may have been other facts in evidence, controlling or qualifying the fact thus singled out. Moreover, it is not error to refuse a charge which emphasizes and gives undue prominence to any single fact. Such charges are calculated to mislead the jury, and generally are regarded as argumentative, and for this reason may be properly refused.—*Bell v. Kendall & Co.*, 93 Ala. 489 ; *A. G. S. R. R. Co. v. Sellers*, *Ib.* 9 ; *Jackson v. Robinson*, *Ib.* 157 ; *Eastis v. Montgomery*, *Ib.* 293.

From all that appears in the record the second charge refused was abstract.—*Bostic v. The State*, 94 Ala. 45 ; *Smith v. Collins*, *Ib.* 394.

There is no error in the record.

Affirmed.