# Anniston Mfg. Co. *v.* So. R'y Co.

*Action to Recover Freight Overcharges.*

(DECIDED DEC. 21, 1906, 40 So. REP. 965.)

1. *Appeal; Exceptions, Bill of; Certiorari; Return; Conclusiveness.*—Where the bill of exceptions sent up in response to a certiorari for corrected bill, differs from that in the original transcript, the bill sent under certiorari will be regarded as the correct bill.

2. *Same; Certiorari to Bring up Record.*—This court will not award certiorari to bring up bill of exceptions although signed, if there are blanks in material parts of the instrument, and papers intended to be inserted therein are not properly identified.

3. *Exceptions, Bills of; Setting out Documents.*—The bill of exceptions recited that two certain opinions of the Railroad Commission of certain dates were introduced in evidence, and directed the clerk to set out ones of different dates. The clerk set out certain opinions and certified that the opinions set out were the only ones on file in his office. Held, not sufficient to show that the opinions set out were the ones introduced in evidence.

4. *Carriers; Overcharges; Evidence; Rates of other Carriers.*—It is incompetent, in an action for overcharges of freight between two points, to show what rates were charged by another carrier between other and different points, unless the conditions are shown to be the same.

5. *Witnesses; Leading Questions.*—Objection to a question which is leading and suggestive is properly sustained, such as whether

the traffic has increased since a certain time, and if it is not greater than for two years previous thereto.

6.    *Carriers; Overcharges; Evidence.*—Evidence as to what was re-garded as a reasonable rate by railroad men for certain classes of freight is incompetent, unless limited to the rate between the points in issue, or similar points.

7.    *Same; Rates in Other States.*—It is incompetent to show what rates the defendant charged for the same class of freight between points in another state, unless conditions are shown to be similar.

8.    *Same; Railroad Commission; Opinions.*—Where two counts in the complaint claimed for overcharges since the rendition of opin-ions by the railroad commission, it was not error to admit such opinions in evidence, although other counts in the com-plaint claimed for overcharges prior to such rendition, and § 3496, code 1896, makes such opinions prima facie evidence only of charges subsequent to their rendition.

9.    *Trial; Instructions; Burden of Proof.*—A charge requiring plain-tiff to prove his case to the "reasonable certainty" of the jury required too high a degree of proof and it was error to give it.

10.    *Appeal; Presumptions.*—Presumptions indulged as to the cor-rectness of the action of the trial court where the bill of exceptions does not contain all of the evidence do not apply to the oral charge of the court which erroneously states the law.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN.

This was an action by appellant against appellee to recover certain alleged overcharges in freight for hauling coal to appellant at Anniston from the Birmingham district. The complaint contained four counts for money had and received by defendant to use of the plaintiff between March, 1899, and January, 1900, and between January 1, 1900, and January 1, 1901, and dur-ing the year 1900, and from the 1st day of January, 1902, to the 1st day of February, 1903. Demurrers were overruled to these counts, and defendant filed the gen-eral issue; plea of the statute of limitation of three years to certain items and the statute of limitation of one year to certain items; that the amount claimed in each count is for money paid by plaintiff to the defend-ant on account of freight charges, and the defendant

says that said payments were made without compulsion
or duress had or exercised by the defendant over the
plaintiff, and were made with the full knowledge of the
fact in relation thereto; that each count claims money
paid for alleged overcharges of freight on coal from
points on defendant's line of railroad in what is known
as the "Birmingham District" to the city of Anniston,
Ala.; that heretofore, and prior to the accrual of said
cause of action alleged in said count, the plaintff made
complaint to the Railroad Commission of Alabama
against the defendant charges, and alleging that the
rate of freight charged by the defendant on such coal
shipments was exhorbitant and constituted an unjust dis-
crimination against the plaintiff; that upon a trial and
hearing before said Railroad Commission it was held
and decreed that the said rate of freight was not exorbi-
tant, and was not an unjust discrimination against the
plaintiff, and defendant avers that the said Railroad
Commission of Alabaam had jurisdiction to hear and
determine the said complaint of plaintiff, and that its
finding and decree that the said freight rate was not ex-
orbitant or an unjust discrimination against plaintiff is
a bar to the prosecution of plaintiff's alleged claim.

What occurred in reference to the bill of exceptions
and the certiorari to bring up the other bill of exceptions
and the matters inserted therein sufficiently appear in
the opinion of the court. The trial court in its oral
charge to the jury used the following language: "Plain-
tiff must prove to your reasonable satisfaction both that
the rate was unreasonably high, and, further, plaintiff
must prove with reasonable certainty what would be a
reasonable rate, before plaintiff is entitled to recover.
* * * The law gave the railroad a right to make a special
rate to the iron industry." The plaintiff excepted to
these parts of the oral charge. There were numerous
other rulings on demurrers, requested instuctions, etc.,
not discussed in the opinion, and therefore not necessary
here to be set out. There was verdict and judgment
for the defendant, and plaintiff appealed.

BLACKWELL & AGEE, for appellant.—The court erred
in sustaining defendant's objection to the questions pro-
23

pounded by plaintiff to its witness Goodwin.—*Lotspeick & Ponder v. C. R. R. & Banking Co.,* 73 Ala. 306; 1 Greenleaf Evid., § 101.

The court erred in admitting in evidence the opinion of the Railroad Commission.

The court's oral charge exacted too high a degree of proof. It is only necessary that the jury be reasonably satisfied of the correctness of plaintiff's contention.—4 Mayfield pp. 597-8-9.

The court erred in refusing instructions requested by appellant.—*M. & M. R. R. Co. v. Steiner, et al.,* 61 Ala. 569; *L. E. & St. L. R. Co. v. Wilson,* 18 L. R. A. 105; *Heuscerman v. B. C. R. & N. Co.,* 16 A. & E. R. R. Cases, 46; *Chicago & A. R. R. Co. v. Chicago V. & W. C. Co.,* 79 Ill. 121; *Peters v. Marietta R. Co.,* 18 A. & E. R. R. Cases, 492; *Holmes v. So. R. R. Co.,* 8 Int. R. R. Com. Rep. 561; § 3460, Code 1896; 6 Cyc. pp. 372, 498.

KNOX, ACKER & BLACKMAN, attorneys for appellee.— The bill of exceptions set up in response to the *certiorari* being different from the bill of exceptions contained in the original transcript, the return from the *certiorari* must be regarded as the true bill of exceptions, and the opinion of the Railroad Commission not being properly shown therein cannot be considered for any purpose.— *Frieder v. Goodman Mfg. Co.,* 101 Ala. 242; *A. G. S. R. R. Co. v. Dobbs,* 101 Ala. 219. There was no error in the clerk in inserting the given charges in the bill.—*Mobile Savings Bank v. Fry,* 69 Ala. 348; *M. & B. R. R. Co. v. Ladd,* 92 Ala. 288.

The charges and the opinion of the Railroad Commission are not sufficiently identified in the bill of exceptions.—*Parsons v. Woodward,* 73 Ala. 348; *Pierce v. Clements,* Ib. 256; *Kyle v. Gadsden,* 96 Ala. 276; *Elliott v. Round Mountain,* 108 Ala. 640. Where the bill of exceptions does not contain all the evidence, it will be presumed that there was evidence in the case sufficient to support the judgment of the lower court, and the case will be affirmed.—*Evansville, etc. Co. v. Slater,* 101 Ala. 345; *Wadsworth v. Williams,* Ib. 264. The contention of appellant is that the fact that certain iron indus-

tries enjoyed a freight rate of fifty cents per ton, while
it was charged a rate of seventy cents is of itself enough
to show that the rate charged is unreasonable and a dis-
crimination. This cannot be true under the express pro-
visions of section 3462, Code 1896. The only duty im-
posed upon a common carrier is that he is bound to carry
for every shipper at a reasonable rate, and so long as
he does so, no one can complain although it is willing to
carry for others at a rate less than reasonable. He is
not bound to treat all of his patrons with absolute equal-
ity.—*Fitchburg R. Co. v. Gage,* 12 Gray 399; *Demancho
v. Ward,* 23 Blatchf. (U. S.) 505; *Johnson v. Pensacola
etc. R. R. Co.,* 16 Fla. 623, 26 Am. Rep. 731. The oral
charge of the court was without error. The court did
not err in sustaining objection to Goodwin's testimony.
—*Hopper v. Chicago R. R. Co.,* 91 Iowa 639, 60 N. W.
487; *Smyth v. Ames,* 169 U. S. 464. The money having
been voluntarily paid with full knowledge of the facts,
in the absence of fraud or imposition cannot be reclaim-
ed in law or in equity.—*Town of Cahaba v. Burnett,* 34
Ala. 400; *Pritchard v. Sweeney,* 109 Ala. 651; *Trustees
v. Keller,* 1 Ala. 406; *Raisler v. Mayor,* 56 Ala. 195.

ANDERSON, J.—The bill of exceptions in this case
sent up as the return to the writ of *certiorari,* being dif-
ferent from the one contained in the transcript as origi-
nally filed, must be regarded by us as the true and cor-
rect record.—*Alabama Great Southern R. R. v. Dobbs,*
101 Ala. 219, 12 South. 770; *Pearce v. Clements,* 73 Ala.
256. The bill of exceptions in the original transcript,
as well as the one sent up as a return to the *certiorari,*
each recites that it contains "substantially all the evi-
dence"; but they both recite that two certain opinions of
the Railroad Commission were introduced in evidence.
The last bill of exceptions does not set out said opinions,
but recites that opinions of certain dates were intro-
duced, and then instructs the clerk to set out one being
of a different date. Should we be permitted under the
rules to consider the two bills of exceptions in
connection with each other, it would be of no
benefit to the appellant, as the opinions as set out in the

original record are not of the date as mentioned in either one as to the ones that were in fact introduced, and do not answer to the description of those ordered to be inserted. "It is a rule now inflexibly settled in our practice, by a long current of decisions, that this court will not establish a bill of exceptions, nor award a certiorari to bring it up as a part of the record, even if signed, where there are blanks in material parts of the instrument, and the papers intended to be inserted are not properly identified."—*Pearce v. Clements*, 73 Ala. 256; *Parsons v. Woodward*, 73 Ala. 348; *Kyle v. Gadsden Land & Improvement Co.*, 96 Ala. 376, 11 South. 478; *Elliott v. Round Mountain Co.*, 108 Ala. 646, 18 South. 689; *Tuscaloosa County v. Logan*, 50 Ala. 503; *Strawbridge v. State*, 48 Ala. 308; *Garlington v. Jones*, 37 Ala. 240; *Looney v. Bush, Minor*, 413. Nor does the certificate of the clerk to the return, that "the opinions set out were the only ones on file," help matters. They may be the only ones on file when the certificate was made up, but do not appear to be the identical ones that were introduced in evidence.—*Parsons v. Woodward, supra.*

The trial court did not err in sustaining defendant's objection to the question to witness Goodwin, "How much did the L. & N. R. R. charge for hauling coal from Blossburg and Birmingham to Gadsden and Alabama City?" Even if admissible to show charges of other carriers, it certainly ought to be confined to a comparison between the points involved, and not extend to the inquiry of what a carrier not a party to the suit was charging for hauling coal to a point distinct from the ones material to the issue. Besides, the plaintiff was not hurt by the action of the court, as it had just been permitted to prove what the Louisville & Nashville Railroad charged for hauling coal to Anniston, thus getting the benefits of the comparison of rates between the points involved.

We cannot reverse the trial court for sustaining an objection to the question, "Has the traffic increased on the Southern Railway since 1899, and was not the traffic greater since 1899 than it was for two years prior there-

to?" If not otherwise illegal, it was leading and suggestive.

Even if Kennedy could state what was considered among railroad men as a reasonable rate, the objection was properly sustained, as the question had no reference to the rate between the points at issue. What might be a reasonable rate over one road might not be over another, or even between different points on the same road.

There was no error in not permitting the plaintiff to prove what defendant charged from Chattanooga to points in Tennessee and Kentucky. The conditions in Tennessee and Kentucky may be quite different from what they are in Alabama. What may be a reasonable rate in one state may be unreasonable in another. In order to make the rate in one state evidence of what is reasonable in another state, circumstances and conditions must be similar, and proof of what was charged in Tennessee and Kentucky was certainly not admissible until it was first shown that conditions were substantially the same as applied to the road in Alabama.

The return shows that an opinion of the Railroad Commission, rendered October 7, 1901, was introduced in evidence, and the appellant contends that it was error as said opinion could have no application to freight charges previous to the rendition thereof. It is true that the determination of the commission, under section 3496 is prima facie evidence only of charges made subsequent to the determination, and does not apply to charges collected previous thereto; but we cannot hold that the trial court improperly admitted the opinion in evidence, as the third and fourth counts contain claims for charges collected after the opinion was rendered. If the evidence supported any part of the complaint, it was not error to let it in; and if it had no reference to other parts of the claim, it was incumbent upon the party against whom it was introduced to have it limited.

The first part of the oral charge excepted to was erroneous. It required the plaintiff to prove to the "reasonable certainty" of the jury, and which required too high a degree of proof.—*Battles v. Tollman*, 96 Ala. 403, 11 South. 247; 3 Mayfield's Dig. pp. 597, 598.

Appellee insists that, since the bill of exceptions does not contain all the evidence, this court will presume there was evidence offered to support the action of the trial court, and cites *Wadsworth v. Williams*, 101 Ala. 264, 13 South. 755. We understand Justice COLEMAN to mean in said case that where charges are asked, postulated on certain facts, and the bill of exceptions does not set out all the evidence, this court will presume there was evidence that would justify the action of the trial court in giving or refusing said charges. That rule can have no application to the oral charge excepted to in the case at bar, as it exacted too high a degree of proof of the plaintiff and was an incorrect statement of the law.

As this case must be reversed, and as the record fails to disclose a complete history of the trial in the court below, we will not attempt to consider the other assignments of error.

The judgment of the city court is reversed, and the cause remanded.

HARALSON, TYSON, and SIMPSON, JJ., concur.