# Jones, *et al. v.* White.

## *Trover.*

(Decided November 7, 1914. 66 South. 605.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the action was trover for certain mules, and plaintiff asked a witness as to the reasonable value thereof at the time plaintiff's mortgagor bought them from defendant, and witness stated that the value was not very much because they were too young and unbroken to be able to work, the answer was favorable to defendant, and as to defendant, was harmless, if error.

2. *Same.*—Where, in rendering their verdict, the jury accepted defendant's estimate of the value of the property, defendants were not prejudiced by the ruling of the court on the admission of evidence as to value.

3. *Same.*—Where a witness testified in detail as to the character of the mules, defendants were not prejudiced by the court permit-

ting the witness to answer a question calling for his conclusion as to whether the mules were large enough to work when they were purchased from defendant by plaintiff's mortgagor.

4. *Same; Review; Necessity of Exception.*—The appellate court will not review the rulings on evidence to which no exception appears in the record to have been taken.

5. *Same; Record Governing.*—Where, as a return to the writ of certiorari a bill of exceptions is sent up which differs from the one contained in the transcript, the one sent up under the writ of certiorari will be regarded as the correct bill.

6. *Same; Presumptions.*—Where a bill of exceptions does not set out all the evidence on which the case was tried, it will be presumed on appeal that there is other evidence justifying the rulings of the trial court.

7. *Same.*—Although the bill of exceptions recited that it contained all the evidence in the case, yet where it affirmatively appears that a certain mortgage was offered in evidence and had been omitted from the bill, it will be presumed on appeal that the court's action in giving and refusing charges relative to such mortgage was correct.

8. *Trover and Conversion; Measure of Damages.*—Ordinarily in trover, the measure of damages is the value of the property at the time of conversion, but if the evidence shows fluctuation in value after the conversion, the jury has the discretion to fix the value at the higher or highest price at any time between the conversion and the date of trial.

9. *Same; Mortgages.*—Where plaintiff's title in trover is based on a chattel mortgage, the measure of damages is the amount of the mortgage debt and interest, provided it does not exceed the value of the property.

10. *Evidence; Value; Different Periods.*—It is competent in proving the value of property at a certain time to show its value at a prior and subsequent time in the same market within reasonable limits.

11. *Same; Motive.*—On an issue as to the value of certain mules, sold by defendant to plaintiff's mortgagor, the question as to whether defendant in fixing the price of the mules to a negro took into consideration that they were being sold to a negro on time, was. objectionable as calling for a mere uncommunicated motive or reason in making the price.

12. *Same; Opinion; Relevancy.*—On the issue as to value of certain property, a question calling for the opinion of a witness as to what some other person would know, was properly excluded.

13. *Bill of Exception; Incorporation of Papers by Reference; Description.*—Where the bill of exceptions recited "plaintiff here introduced a mortgage which reads as follows; (the clerk will here set out said mortgage)"; and also "defendant here introduced a mortgage which is as follows; (the clerk will here set the same out)", the references therein contained were insufficient, and justified the clerk in omitting the mortgages from the bill of exceptions; the rule being that when a document is sought to be made a part of a bill of exceptions by reference and not by copy, it must be so described that a succeeding clerk can readily and with certainty know what

document or paper is referred to, without room for mistakes, thus necessitating a description of the document by its date, amount, parties, or other identifying features.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Trover by J. B. White against Charlotte Jones and another. Judgment for plaintiff and defendants appeal. Affirmed.

S. W. TAIT, for appellant.

KNOX, ACKER, DIXON & STERNE, for appellee.

GARDNER, J.—This cause was transferred to this court under the provisions of section 6 of Acts 1911, p. 449. The suit is in trover for the conversion by defendants of two mules, title to which was claimed by the plaintiff under a certain mortgage executed by James Ross and others to plaintiff. The mortgagor resided in Talladega county, where also the mules were kept; the mortgage being recorded in that county two days after its execution. The defendants claimed the mules under a mortgage executed by James Ross a short while prior to the execution of the mortgage to plaintiff, but the mortgage of defendants was never recorded in Talladega county.

There was no question as to the superiority of plaintiff's mortgage, the chief, if not in fact the only, contention being as to the identity of the mules in plaintiff's mortgage; the defendants insisting that the mules which they took possession of from said mortgagor, Ross, were two young mules they had sold said Ross at the time their mortgage was executed, and that said Ross had with him, at the same time, owned at the time of the execution of the mortgage to the plaintiff, two

[Jones, et al. v. White.]

other mules much older and much larger than these two young mules, but in color resembling these young mules, and that the mortgage of plaintiff was intended to be upon the older mules. The jury found the issue in favor of the plaintiff, and assessed the damages at $175. There was no controversy as to the fact that the indebtedness due on the mortgage to plaintiff was much in excess of this sum.

Some few of the assignments of error relate to rulings of the court as to admissibility of certain evidence. To these we briefly refer. The first relates to the action of the court in overruling appellants' objections to the question of plaintiff to witness Sims: "What was the reasonable value of said mules at the time Ross bought them?" The purchase was by Ross from defendants in February, 1907, and the conversion seems to have been, according to the testimony of defendant L. G. Jones, in October, 1907. The witness, however, made no direct answer, replying: "The value was not very much, because they were not able to work. They were too young and unbroken." It is clear, of course, from this answer, which was really favorable to appellants that they can take nothing by this assignment.

"In trover, ordinarily, the measure of damages is the value of the property at the time of the conversion, with interest, but, if the evidence shows a fluctuation in value after the conversion, the jury, in their discretion, may fix the value of the higher or highest price at any time between the conversion and the time of trial. * * * When the plaintiff's title is based on a mortgage, the measure of damages is the amount of the mortgage debt and interest, not to exceed the value of the property."— *Ryan v. Young*, 147 Ala. 660, 41 South. 954.

It is competent to prove the value of property at a certain time by showing its value at a prior and a subse-

quent period, within reasonable limits, in the same market.—*Torrey v. Burney,* 113 Ala. 496, 21 South. 348.

The second assignment raises a similar question. The court overruled objection of defendants to the question to plaintiff as to the value of the mules when he saw them in March, 1907. The rule as to the measure of damages in cases of this kind is well understood and needs no repetition; (*Ryan v. Young,* 147 Ala. 660, 51 South. 954), as likewise is the rule that the value of property at a certain time may be proved by showing its value at a prior and a subsequent period, within reasonable limits, in the same market.—*Torrey v. Burney,* 113 Ala. 496, fifth headnote, 21 South. 348.

But whether this evidence came within this rule or not is, in our opinion, immaterial, for the reason that it affirmatively appears from this record that the jury fixed upon the valuation of the mules in accordance with the testimony of the defendants; the defendant L. G. Jones testifying that they were not worth over $175, and that when sold they netted $165. Plaintiff was entitled to interest to the time of trial, and the trial was had some few years subsequent to the conversion. The verdict was for $175. It is therefore clear (as we think, it affirmatively appears in the record) that the jury accepted the estimate of valuation of the defendants, and that any ruling of the court as to such was entirely innocuous to them.

The next insistence (constituting the third assignment of error) is as to the action of the court in sustaining objection of the appellee to the question asked witness Rhodes by appellants' counsel: "Were the Jones' mules big enough to work when Ross got them?" The assignment refers us to page 20 of the transcript. An examination of same discloses that this ruling was as to the witness Sims, and not as to the witness Rhodes.

The assignment was therefore inapt. We do not think, however, that in this there is reversible error. The facts were given by the witness in detail to the jury, and no prejudice could have resulted from the ruling.—*L. & N. R. R. Co. v. Williams*, 183 Ala. 138, 62 South. 679.

The court sustained objection of the appellee to the question propounded to one of the defendants, (L. G. Jones) as follows: "In fixing the price when you sold the mules, you took into consideration that they were being bought by a negro on time?" This could only relate to the question of valuation, and, as we have previously state, it appears that the jury accepted the estimate of value fixed by appellants, and any ruling thereon is without injury.

Moreover, the question called in fact for the mere uncommunicated reason or motive of the witness, for asking what he "took into consideration" in selling the mules, was the equivalent of asking the witness to give his uncommunicated reasons therefor.—5 Mayf. Dig. 396, 397; 3 Chamberlayne, Modern Law of Evidence, §§ 1944, 1945.

The question objected to, which constitutes the fifth assignment of error, calls for the opinion of the witness as to what some other person would know, and the objection was properly sustained.—*Central of Georgia Railway Co. v. Martin*, 138 Ala. 531, 36 South. 426. In addition to this, the question could have no relevancy to the case in any event, unless applicable to the plaintiff himself, and it was not made to appear that he was a "man who knew about the age and appearance of mules," but rather the contrary.

The sixth assignment of error relates to the ruling sustaining the motion of appellee to exclude the portion of L. G. Jones' answer, which reads, "They were not fit to work." We do not find any exception to this

ruling of the court, and this assignment of error, therefore, need not be considered.

The remaining assignments of error relate to the refusal of certain written charges requested by appellants and to the giving of certain charges at the request of appellee. Refused charges 2, 3, and 4 are the affirmative charges requested as to defendants jointly and separately. The other charges, the giving or refusal of which is here complained of, referred, each of them, to the mortgage to the plaintiff.

At a former term of the Court of Appeals, on motion of appellee, a writ of certiorari was granted, directing the clerk to send up a true copy of the bill of exceptions. The bill of exceptions in the original record showed the mortgage to the plaintiff, as well as the one to the defendants. In answer to the certiorari, the clerk sent up the bill of exceptions duly certified by him, and in which these mortgages are omitted, but they are copied elsewhere in the record.

When the bill of exceptions sent up as the return to the writ of certiorari differs from the one contained in the transcript as originally filed, the bill of exceptions sent under the certiorari will be regarded as the correct bill.—*Anniston Mfg. Co. v. Southern Railway Co.*, 145 Ala. 351, 40 South. 965; *A. G. S. R. R. Co. v. Dobbs*, 101 Ala. 219, 12 South. 770; *Pearce v. Clements*, 73 Ala. 256.

The reference in the bill of exceptions to the mortgage to plaintiff is as follows: "Plaintiff here introduced a mortgage, which reads as follows: (The clerk will here set out said mortgage.)" The reference to the mortgage to the defendants is: "Defendants here introduced the mortgage, which is as follows: (The clerk will here set the same out.)"

In *Parsons v. Woodward,* 73 Ala. 351, this court, speaking through Justice Stone, said "It is a rule and the only safe one, that, in judicial proceedings, nothing is to be left to unrecorded memory. The record must speak by and for itself, without the aid of oral or human recollection. * * * The record must be so complete that a succeeding officer, coming into the place of the one before whom the business was transacted, cannot reasonably mistake what was done. Applying this rule to a bill of exceptions, when a document is sought to be made a part of it by reference, and not by copy, it must be so described that a succeeding clerk can readily and with certainty know what document or paper is referred to, without room for mistake. Speaking on this subject, this court, at an early day, said the reference must 'so describe the paper by its date, amount, parties, or other identifying features as to leave no room for mistakes in the transcribing officer.' * * * That rule has been ever since strictly adhered to in this court."

See, also, *Elliott v. Round Mountain, etc., Co.,* 108 Ala. 640, 18 South. 689; *Anniston Mfg. Co. v. Southern Railway Co., supra.*

We are of the opinion that, under the decisions of this court, the reference to the mortgages which are omitted in the bill of exceptions sent up under the certiorari is of such a general character (and they do not appear to be otherwise sufficiently identified) as to justify the omission by the clerk. The fact that they appear elsewhere in the record can be of no avail.—*Pearce v. Clements,* 73 Ala. 256.

It is the general rule, long recognized, that, where it appears that the bill of exceptions does not set out all the evidence on which the case was tried, the presump-

tion will be here indulged that there was other evidence in the cause sufficient to justify the action of the trial court.—*Anniston Mfg. Co. v. Southern Railway Co.,* 145 Ala. 351, 40 South. 965; *Wadsworth v. Williams,* 101 Ala. 264, 13 South. 755; *Evansville Packet Co. v. Slater,* 101 Ala. 245, 15 South. 241.

The bill of exceptions sent up under certiorari does recite that "this was all the evidence in the case," but, as previously stated, it affirmatively shows the omission of the mortgage to the plaintiff, offered in evidence.

The charges given or refused, which form the predicate for the remaining assignments of error (with exceptions of affirmative charges), each make reference to the mortgage to the plaintiff, and which, not being in the bill of exceptions, is not before us. Under the above rule, therefore, the presumption must be indulged in support of the action of the court in giving or refusing said charges. We therefore need not pass upon them nor give them any examination.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.