(91 South. 591)

## FULLER v. FAIR.    (2 Div. 720.)

(Supreme Court of Alabama.    Oct. 27, 1921. Rehearing Denied Nov. 24, 1921.)

1. Exceptions, bill of �köö23—Document incorporated by reference must be so described that transcribing officer can make no mistake.

Where bill of exceptions contained blanks for the insertion of documents introduced in evidence, those documents will not be considered on appeal, unless the bill so describes them that the transcribing officer can, from the description alone, readily and with certainty determine the identity of the documents.

2. Exceptions, bill of �köö23—Identification of documents held insufficient to incorporate by reference.

Where a bill of exceptions merely recited the dates and the parties to some deeds introduced in evidence and directed the clerk to copy them, these deeds were not sufficiently described to incorporate them by reference and hence will not be considered on appeal.

3. Appeal and error �köö690(4)—Error relating to admission of deeds in evidence not considered, where deeds stricken from transcript.

Where deeds were stricken from the transcript because they were not sufficiently incorporated by reference in the bill of exceptions, assignments of error relating to the introduction of these deeds in evidence will not be considered.

4. Appeal and error �köö907(4)—Where all the evidence not before appellate court, that there was evidence justifying trial court's action assumed.

Where the bill of exceptions purported to contain all of the evidence, but some deeds which were in evidence were stricken from the transcript on appeal, it will be assumed that there was other evidence justifying the court's action.

5. Trial �köö56—Not error to refuse to allow witness to rehash his testimony.

It was not reversible error for the court to refuse to permit witness to give testimony which was merely a rehash or repetition of witness' testimony already in evidence.

Gardner, J., dissenting.

Appeal from Circuit Court, Bibb County; F. Lloyd Tate, Judge.

Ejectment by J. A. Fair against N. C. Fuller. Judgment for plaintiff, and defendant appeals. Affirmed.

The original bill of exceptions contains the following:

Plaintiff then offered in evidence the deed of Robert Sanderson and wife to J. A. Fair, of date October 18, 1910. * * * The plaintiff then introduced the deed in evidence. (Clerk will here copy deed of Sanderson and wife of date October 18, 1910.) Also, the defendant then introduced into evidence the deed of C. C. Collier to D. H. Ellard, of date November 28, 1900. (Clerk will here copy the deed.) Also the defendant then offered in evidence the deed of Crawford and wife to Etoile Crawford, of date March 17, 1917. (Clerk will here copy the above deed.) Also the defendant then introduced in evidence deed of E. H. Crawford and wife to N. C. Fuller, of date March 17, 1913. (Clerk will here copy the above deed.) Deed from E. H. Ellard and wife to E. H. Crawford, January 16, 1906. (Clerk will here copy the deed.) Deed from C. C. Collier to D. H. Ellard, November 28, 1900. (Clerk will here copy the deed.) Also, plaintiff then offered in evidence the deed of Julius Smith to Robert Sanderson, December 29, 1902. (Clerk will here copy the deed.)

The pages of the transcript, referred to in the opinion, contain certain deeds not set out in the bill of exceptions and to which the bill of exceptions makes no reference, except that they were offered in evidence, the deeds not having been copied in the bill of exceptions, and the clerk not being instructed in said bill to set them out.

Jerome Fuller and W. W. Lavender, both of Centerville, for appellant.

Counsel discuss the assignments of error, with citation of authority; but, in view of the opinion, it is not deemed necessary to here set it out. In response to the motion made by the counsel to strike certain parts of the bill of exceptions, and as holding that the papers therein set out were properly identified, they cite the following cases: Minor, 413; 89 South. 437; 73 Ala. 256; 19 Ala. 223; 37 Ala. 241; 48 Ala. 318; 50 Ala. 505; 108 Ala. 640, 18 South. 689.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

The clerk had exceeded his authority in copying into the transcript certain papers

---

not properly identified, and hence the motion to strike these papers should be granted. 108 Ala. 640, 18 South. 689; 145 Ala. 351, 40 South. 965; 189 Ala. 622, 66 South. 605; 188 Ala. 535, 66 South. 454; 11 Ala. App. 366, 66 South. 866. With these papers stricken, the court cannot consider properly the errors assigned by the appellant, and hence they affirm the case.

ANDERSON, C. J. [1] It is well settled by the decisions of this court that, when bills of exceptions contain blanks for the insertion of documents or instruments introduced in evidence, the same will not be considered, unless the bill so describes or identifies them that the transcribing officer, unaided by memory, can readily and with certainty determine, from the description itself, what document or paper is referred to, without room for mistake. Anniston Mfg. Co. v. Sou. R. R. Co., 145 Ala. 351, 40 South. 965; Pearce v. Clements, 73 Ala. 256; Parsons v. Woodward, 73 Ala. 348. See, also, Jones v. First Nat. Bank, ante, p. 203, 89 South. 437, and cases there collected.

"The record must be so complete, that a succeeding officer, coming into the place of the one before whom the business was transacted, cannot reasonably mistake what was done." Parsons v. Woodward, supra.

[2] The instruments, as set out in the transcript, were not so specifically described or identified in the bill of exceptions as to bring them within the requirement of the foregoing rule. They, or most of them, were merely described by the name of the parties and date, and fell short of that degree of certainty contemplated by the decisions of this court; and the references and recitals in the bill of exceptions are less definite and, specific than in the case of Jones v. First National Bank, supra, which is the most recent, if not the most liberal, consideration of the rule. Moreover, should it be conceded that the reference to these documents was sufficient, we find no authority to the clerk for incorporating in the transcript— pages 38, 38¼, 38½, and 38¾—the deed from H. K. W. Smith to Julia Smith and the one from H. A. Smith and wife to H. K. W. Smith, as there is no consent or instruction in the bill of exceptions that they could or should be so set out.

[3, 4] As the deeds must be stricken, we cannot consider the assignments of error relating to the introduction of same as evidence. While the bill of exceptions purports to contain all of the evidence, and, as a matter of fact, it does not—as it shows that certain deeds were introduced which are not properly before this court—this court must assume that there was evidence to support the action of the trial court in giving the special charges. Wadsworth v. Williams,

101 Ala. 264, 13 South. 755; Jones v. White, 189 Ala. 622, 66 South. 605. Neither can we put the trial court in error for overruling the motion for a new trial with some of the evidence absent.

[5] The trial court did not commit reversible error in refusing to let the defendant testify that he purchased lot 51 as a part of the Collier place, as this was a mere rehash or repetition of a fact to which he had substantially testified. He had previously gone into details and stated that the lot was a part of the Collier place, and that he was put in possession of same as a part of the Collier place. The witness, among other things, said:

"When Mr. Crawford sold the place to me he pointed out the boundaries to me and put me in possession of the entire Collier place. The land in question, lot 51, being a part of the Collier place, and was enclosed in a fence around the place."

The record disclosing no reversible error, the judgment of the circuit court must be affirmed.

Affirmed.

SAYRE, GARDNER, and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. Application overruled.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

MILLER, J., not sitting.

GARDNER, J. (dissenting). The rule as to the question here determined was stated in Looney v. Bush, Minor, 413, as follows:

"Whenever it is intended to incorporate in a bill of exceptions a paper read or offered to be read, it is indispensable to set out a copy in the bill of exceptions before the same is sealed, or so to describe the paper by its date, amount, parties, or other identifying features, as to leave no room for mistake in the transcribing officer."

The authorities cited in Jones v. First Nat. Bk. (Ala. Sup.) 89 South. 437,[1] disclose that this rule has remained unchanged, and has been consistently followed by this court. The purpose of the rule is merely to reasonably insure against mistake. The identification held sufficient is stated in the rule as by "date, amount, parties, or other identifying features." For this purpose the entire transcript is to be examined as in Moore, etc., Co. v. Penn, 95 Ala. 200, 10 South. 343. where reference was made to the fact that only one attachment was issued.

Here the stricken deeds are identified by name of the grantors and grantee and speci-

---

[1] Ante, p. 203.

fic date of the deed. No other deed so corresponding in this identification appears. The only omission seems to be the description of property. Our rule has never so required, and the holding in the instant case, in my opinion, makes the rule more strict than the previous decisions of this court justify. I think the rule long established, and previously followed, is entirely sufficient, and, being opposed to a change making it more stringent, respectfully dissent.