**DAVIDSON et al. v. CITY OF BIRMINGHAM.   (6 Div. 80.)**

(Supreme Court of Alabama.   Nov. 6, 1924.)

**1. Dedication ⟨Key⟩18(2)—May be made by deed from dedicator to individual.**

Dedication may be made by deed from dedicator to an individual, in which dedicator declares that part of land is subject to public use, or excepts from the land conveyed a landing place and highway, and in such case the strip dedicated or excepted, on annexation of surrounding locality to a city, becomes a street thereof.

**2. Dedication ⟨Key⟩44—City held entitled to injunction against obstruction of strip dedicated as highway, notwithstanding city engineer's inability to determine exact boundaries.**

City was entitled to injunction against obstruction of strip dedicated to public use, where the evidence as a whole was sufficient to support the location actually made as approximately and practically correct, notwithstanding city engineer's testimony that it was impossible for him to determine within six inches exact location of boundaries of strip.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by the City of Birmingham against Sam Davidson and others. From a decree for complainant, respondents appeal.

Affirmed.

Haley & Haley, of Birmingham, for appellants.

---

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

To constitute dedication, there must be an intention to dedicate on the part of the owners and acceptance by the public. Attorney General v. Lakeview L. Co., 143 Ala. 291, 39 So. 303; Bessemer L. & I. Co. v. Jenkins, 111 Ala. 135, 18 So. 565, 56 Am. St. Rep. 26; Guage v. M. & O., 84 Ala. 224, 4 So. 415; Forney v. Calhoun County, 84 Ala. 224, 4 So. 153. Twenty years' user with acquiescence of the owner is necessary to create the presumption to dedicate. Hoole v. Atty. Gen., 22 Ala. 190. The burden of proving dedication is on the party alleging it. West End v. Eaves, 152 Ala. 334, 44 So. 588.

W. J. Wynn and W. M. Woodall, both of Birmingham, for appellee.

Where the evidence is taken viva voce, and the conclusions of the court are supported by the evidence, the decree will not be reversed. Burke v. Burke, 208 Ala. 502, 94 So. 513; Andrews v. Gray, 199 Ala. 152, 74 So. 62. The decree must be affirmed, since the court heard and considered testimony not set out in the transcript. Fuller v. Fair, 206 Ala. 654, 91 So. 591; Jefferson v. Repub. I. & S. Co., 208 Ala. 143, 93 So. 890.

SOMERVILLE, J. The bill of complaint is filed by the city of Birmingham, and seeks by writ of injunction to compel the removal of obstructions placed by the respondents upon a certain strip of land alleged to be a public street or highway of the city. The obstructions in question are houses and fences, or portions thereof, erected by respondents as owners of abutting premises, along, across, or obtruding upon the street.

The bill bases the existence of the street upon prescriptive user by the public for 20 years or more; and upon dedication by the original owners, as evidenced by maps and deeds made by them in 1871 and in following years.

The respondents deny the existence of any street or highway along the strip of land in question, and deny that they are obstructing any public highway, and deny the city's right to have it cleared of the alleged obstructions.

The trial court heard the testimony of the witnesses viva voce, and on final hearing found and decreed that the complainant is entitled to the relief prayed for.

[1] So far as the main question is concerned, we are convinced beyond any reasonable doubt that the owner or owners of this land as early as 1871 caused approximately this strip to be opened and used as a public roadway, and its present character as such can be supported either upon the doctrine of prescription, or upon express dedication by the owner. "A dedication may be made by a deed from the dedicator to an individual, in which the dedicator declares that a part of his land is subject to a public use, or excepts from the land conveyed a landing place and highway." 18 Corpus Juris, 56, 57, § 38, and the numerous cases cited. And by the annexation of the surrounding locality, it must, of course, have become a street of the city.

[2] The only point, it seems to us, upon which any controversy can reasonably arise, is found in the testimony of Mr. Webb, the city engineer, who made an elaborate map of the locality, and by actual survey located the highway on the ground. Mr. Webb stated on cross-examination that it was, of course, "impossible to determine within six inches of where the [roadway] strip is." From this it is contended that, conceding the existence of a roadway 20 feet wide, its boundaries have not been located with sufficient certainty, for that it may embrace six inches of private property on one or either side; and the taking of even six inches of private property is as indefensible as the taking of any larger area.

This argument is theoretically plausible, but, we think, without practical merit. No doubt this small margin of uncertainty inheres in most highway locations of this character. The strip reserved and dedicated as a highway undoubtedly lay on the west side of the Bagley land, and that was the controlling factor in the location of its boundaries. The evidence, taken as a whole, is sufficient to support the location actually made as approximately and practically correct.

Counsel for appellee call attention to the fact that some eight or ten documents, including deeds, mortgages, decrees, maps, and surveys relating to the strip and the adjacent lands, which were in evidence before the trial court, are omitted from the record entirely.

While we do not base our conclusion and judgment on the omission of those documents, it is clear that their omission would prevent a reversal of the decree of the trial court, which could be grounded only upon a consideration of all the material evidence before the trial court. Fuller v. Fair, 206 Ala. 654, 91 So. 591; Jefferson v. Rep. Iron & Steel Co., 208 Ala. 143, 93 So. 890.

The decree of the circuit court in equity will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.