672

Thomas D. HARPER, Etc., Plaintiff,

v.

CITY OF BIRMINGHAM, Etc.; et al, Defendants.

Civ. A. No. 84V–1678–S.

United States District Court, N.D. Alabama, S.D.

July 29, 1986.

Roy M. West, Birmingham, Ala., for plaintiff.

Samuel Fisher, Asst. City Atty., Birmingham, Ala., for City of Birmingham.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala., for U.S.

OPINION

VARNER, District Judge.

This cause is now before the Court on various motions filed herein by the respective parties. Due to this Court's Opinion, infra, that Defendants' motions for summary judgment are due to be granted, all

other pending motions, except for Plaintiff's motion filed herein March 27, 1986, for leave to amend complaint, are due to be denied as moot. For good cause shown, Plaintiff's motion filed herein March 27, 1986, is due to be granted.

This Court has jurisdiction over this cause as to Defendant City of Birmingham pursuant to 28 U.S.C. §§ 1331 and 1343. As will be discussed *infra,* this Court is of the opinion that it has no jurisdiction pursuant to said statutes over Defendant United States. Alternatively, this Court is of the further opinion that, even if jurisdiction is had over Defendant United States, said Defendant is, nevertheless, entitled to a summary judgment as a matter of law.

## I. HISTORY OF THE CASE

On June 27, 1984, Plaintiff filed his pro se complaint in this cause in the United States District Court for the Northern District of Alabama. Plaintiff sought relief under 42 U.S.C. §§ 1983, 1985 and 1988 for alleged violations of the Fifth and Fourteenth Amendments in relation to a conveyance of property by the Defendant City of Birmingham to the Defendant United States for the ostensible purpose of providing the location for a new federal courthouse in Birmingham, Alabama. Shortly following the filing of said complaint, Plaintiff filed a pro se motion to have the case "specifically assigned to a judge for some federal district outside the Northern District of Alabama", citing the fact that each of the Judges of that district would have new chambers and courtrooms in the proposed new federal courthouse. On August 14, 1984, Chief Judge Pointer of the Northern District of Alabama granted said motion and, pursuant to 28 U.S.C. § 292(b) and an Order promulgated thereunder dated October 1, 1983, by the Chief Judge of the Eleventh Circuit Court of Appeals, assigned this case to this Court.

In the proceedings before this Court, both Defendants filed motions to dismiss based upon Rule 12(b)(6), Federal Rules of Civil Procedure, to which Plaintiff responded in opposition. On September 26, 1984, this Court heard oral argument on said motions to dismiss, although Plaintiff elected not to participate therein. On October 19, 1984, this Court entered a written Opinion and Order granting said motions to dismiss on grounds that (1) the Plaintiff lacked standing to bring this suit as a taxpayer; (2) the Plaintiff had conceded his § 1985 claim; and (3) Plaintiff's characterization of the property in question as a "public alley", said characterization being found in Plaintiff's response to Defendants' motions to dismiss, rendered CODE OF ALABAMA [1975], § 35-4-410 [1], inapplicable on its face and thereby undermined Plaintiff's ability to state a claim for relief against the Defendants under § 1983. Following this Court's denial of Plaintiff's motion for new trial or for amendment of judgment, Plaintiff retained counsel and filed a timely notice of appeal.

On appeal, Plaintiff raised three issues: (1) the redesignation of this case from the Northern District of Alabama to the Middle District of Alabama, a district in which the case could not have been brought originally, divested this Court of jurisdiction over the case and rendered this Court's decision "void"; (2) this Court erred in finding that Plaintiff had no standing to bring this suit; and (3) this Court erred in dismissing Plaintiff's claims following an improper factual finding that the conveyed property was a "public alley" and, therefore, not subject to the said Alabama statute. In its response to these issues, the Appellate Court held, in part, that this Court "improperly looked beyond the allegations of the complaint in determining that Code section 35-4-10 [sic] did not apply in this case and erred in using that finding as a basis for a Rule 12(b)(6) dismissal." [2] Therefore, the Appellate

---

1. As will be discussed *infra,* this statute prohibits the governing bodies of counties, cities, towns and other subdivisions of the State from alienating public parks, playgrounds or other public recreational facilities and public housing projects without a majority approval of the qualified electors of the relevant locality.

2. Concerning the first two issues raised by Plaintiff on appeal, the Eleventh Circuit Court of Appeals held (1) there was no error in how this case was handled between the Northern

Court concluded that "it cannot be said that, under the allegations of the complaint, Harper could prove no set of facts entitling him to relief." Accordingly, the case was reversed and remanded to this Court for further proceedings.

## II. FACTS

Pursuant to his amended complaint, Plaintiff, as a "taxpayer, resident and elector" of the City of Birmingham, Alabama, seeks relief under 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988 and also asserts a pendent State law claim against Defendant City of Birmingham for wasting public funds and giving away public property. These various causes of action relate to and concern a conveyance of certain real property by the Defendant City to the Defendant United States. Plaintiff alleges that, at the time of said conveyance, January 11, 1984, the subject property constituted a public park, playground or other public recreational facility owned by Defendant City of Birmingham. As such, Plaintiff contends that the conveyance and/or alienation of such was subject to a majority approval of the qualified electors via a public referendum election. See, CODE OF ALABAMA [1975], § 35–4–410. Plaintiff further alleges that, since (1) the conveyance of said property was perfected without said referendum election, (2) the conveyance was for a grossly inadequate consideration when compared with other properties in the area and (3) such actions constituted action under color of State law, then Plaintiff was deprived of due process of law as guaranteed by the Fifth and Fourteenth Amendments and the right to vote as guaranteed by the laws of the State of Alabama. Plaintiff also alleges that the actions of the Defendants were the result of a conspiracy between the Defendants and/or their agents or representatives to deprive Plaintiff and other qualified electors the right to vote on the conveyance of said property.

## III. DEFENDANT UNITED STATES' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [3]

Pursuant to said motion, Defendant United States contends that it is entitled to a judgment as a matter of law based upon (1) sovereign immunity; (2) because the United States is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985(3) and 1986, this Court has no jurisdiction over said Defendant pursuant to 28 U.S.C. § 1343; and (3) this Court has no jurisdiction over said Defendant pursuant to 28 U.S.C. § 1331. This Court agrees.

■ It is indeed well-established law that the United States, as sovereign, is immune from suit unless the immunity is expressly waived. See, *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Sellers v. United States*, 569 F.Supp. 1149 (N.D.Ga.1983). None of the civil rights statutes upon which the action in this case is predicated against the Federal Government, expressly or inferentially, authorize suit against the United States. See, *Broome v. Simon*, 255 F.Supp. 434 (W.D. La.1966).

■ Further, it is the general rule that the United States is not a "person" within

and Middle Districts of Alabama and this Court has authority to hear this case; and (2) based upon its finding that Plaintiff's complaint withstood a Rule 12(b)(6) motion to dismiss, Plaintiff has standing to pursue this action as a "qualified elector" under *Duncan v. Poythress*, 657 F.2d 691 (5th Cir.1981), cert.den. as improvidently granted, 459 U.S. 1012, 103 S.Ct. 368, 74 L.Ed.2d 504 (1982), if he has stated a viable § 1983 action.

**3.** This Court notes that Defendant United States is again raising the same issues which it raised

before in support of its initial motion to dismiss filed herein August 28, 1984. Said Defendant is not estopped from doing so in light of the fact that the Appellate Court expressly did not rule on said grounds as asserted by the United States. See, *Harper v. City of Birmingham*, 775 F.2d 303, footnote 8 (11th Cir.1985). This Court further notes that, in its decision, the Appellate Court stated, "[i]t may well be that upon conversion of the motions to dismiss to motions for summary judgment * * * the district court would still find [in favor of the Defendants]."

the meaning of 42 U.S.C. §§ 1983, 1985[4] or 1986. See, *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Rodriquez v. Ritchey,* 556 F.2d 1185 (5th Cir.), cert.den. 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1977); *Hewitt v. City of Jacksonville,* 188 F.2d 423 (5th Cir.), cert.den. 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631 (1951); *Powell v. Kopman,* 511 F.Supp. 700 (S.D.N.Y.1981); *Clark v. United States,* 481 F.Supp. 1086 (S.D.N.Y.1979); *Seibert v. Baptist,* 594 F.2d 423 (5th Cir.1979); *Mack v. Alexander,* 575 F.2d 488 (5th Cir.1978); *Brome v. Simon,* supra. The reasoning behind such relates to the fact that said claims are grounded upon action which is taken under the color of State law, as opposed to action under color of federal law. As stated by the Court in *Mack v. Alexander,* supra:

> "Section 1343 places original jurisdiction in the district courts when there is a substantive claim for violation of 42 U.S.C. §§ 1983 and 1985. However, we agree with the district court's ruling that these statutes provide a remedy for deprivation of rights under color of State law and do not apply when the defendants are acting under color of federal law."

See, also, *Hill v. McMartin,* 432 F.Supp. 99 (E.D.Mich.1977) (["s]ections 1983, 1985 and 1986 of this title do not extend to the federal government"). Accordingly, this Court has no jurisdiction herein pursuant to 28 U.S.C. § 1343 inasmuch as Plaintiff's claims under 42 U.S.C. §§ 1983, 1985 and 1986 do not extend to actions of the federal government.

**4.** This Court is mindful of the fact that authority does exist for the contention that § 1985(3) "persons" applies to federal officers acting under color of federal law where the conspiracy is motivated by some class-based animus and is intended to deprive that class of some constitutionally-protected right. See, *Peck v. United States,* 470 F.Supp. 1003 (S.D.N.Y.1979); *Founding Church of Scientology of Washington, D.C. v. Director, F.B.I.,* 459 F.Supp. 748 (D.D.C.1978). Regardless of such authority, however, Plaintiff has clearly failed to show or even allege any "class-based, invidiously discriminatory animus behind the [alleged] conspirators' action." See, *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott,* 463 U.S.

However, Plaintiff has also invoked the jurisdiction of this Court over said Defendant United States pursuant to the general federal question jurisdiction statute, 28 U.S.C. § 1331. Though this Court is of the opinion that it has jurisdiction over the United States pursuant to said statute, by virtue of the fact that Plaintiff has alleged against said Defendant a claim which "arises under" the Constitution of the United States, to-wit, the due process and just compensation guarantees of the Fifth Amendment, it is the opinion of this Court that, nevertheless, said claims must fail as a matter of law in light of this Court's finding infra that the actions of the Defendants did not deprive Plaintiff of due process of law or the right to vote on said conveyance of property.

## IV. DEFENDANT CITY OF BIRMINGHAM'S MOTION FOR SUMMARY JUDGMENT

It is clear that the gravamen of Plaintiff's complaint is that the conveyance of said real property by Defendant City to Defendant United States was perfected without the referendum election required by CODE OF ALABAMA [1975], § 35–4–410. As the result of such, Plaintiff contends that he was not only denied the right to vote as guaranteed by said statute, but that he was also deprived, without due process of law, of a certain taxpayer's interest in the conveyed real property. Thus, such is the basis for Plaintiff's causes of action against Defendant City pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986.

825, 103 S.Ct. 3352, 77 L.Ed.2d 1049, reh.den. 464 U.S. 875, 104 S.Ct. 211, 78 L.Ed.2d 186 (1983). Further, Plaintiff has failed to show that the alleged conspiracy was aimed at the deprivation of the equal enjoyment of rights secured to all. Thus, even if one were to assume that Plaintiff has established a prima facie case as to all other elements necessary for a § 1985(3) cause of action, see, *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1970, 29 L.Ed.2d 338 (1971), the record is, nevertheless, void of any evidence which shows a voter-based invidiously discriminatory animus behind the Defendants' conduct. Thus, Plaintiff has no viable § 1985(3) claim. See, *United Brotherhood,* supra.

■ Upon the basis of the foregoing, it is the opinion of this Court that the controlling question herein is whether, as a matter of law, Plaintiff had a right to vote on the conveyance of the real property in question. Stated otherwise, in order to lawfully convey the subject property, was Defendant City of Birmingham required by State law to obtain the approval for such from a majority of the duly qualified electors of the City of Birmingham? Defendant City contends that, inasmuch as the evidence affirmatively shows that the subject property was not a "dedicated" public park, playground or other public recreation facility, § 35–4–410 is inapplicable, and no such referendum election was required thereunder. Accordingly, Defendant City submits that it is entitled to a summary judgment herein as a matter of law. This Court agrees.

CODE OF ALABAMA [1975], § 35–4–410, provides as follows:

**§ 35–4–410. Authorization to alienate public recreational facilities and housing projects.** The governing bodies of counties, cities, towns and other subdivisions of the state shall have full power and authority to alienate public parks and playgrounds, other public recreational facilities and public housing projects on such terms as may be agreeable to them, provided such alienation is first approved by a majority of the qualified electors of the county, city, town or subdivision affected thereby voting in a referendum election held for such purpose."

In interpreting this statute, the Supreme Court of Alabama has held that such is applicable only where there has been a "dedication" of the subject property as a public park, playground or other public recreational facility. See, *O'Rorke v. City of Homewood*, 286 Ala. 99, 237 So.2d 487 (1970); *Thomas v. Bullock County Commission*, 474 So.2d 1094 (Ala. 1985). Thus, the question now becomes, what constitutes a "dedication" under said statute?

Under the relevant case law of the State of Alabama, a "dedication" of property which is subject to § 35–4–410 can be accomplished by either of the following: (1) where the property is conveyed to the City conditioned upon a clear expressed intent by the grantor that the property be used exclusively for a public park or other such public recreational facility, and the City, as grantee, accepts and consents to such a use restriction; or (2) the City so dedicates the property by a resolution or ordinance of the City's governing body. See, *O'Rorke*, supra, at 491–492; *Thomas*, supra, at 1098; *Smith v. City of Dothan*, 211 Ala. 338, 100 So. 501 (1924); *Davidson v. City of Birmingham*, 212 Ala. 123, 101 So. 878 (1924); 23 AM.JUR.2d, *Dedication*, § 28 (1983). Further, it is clear that a dedication is an unequivocal, affirmative act shown by affirmative evidence, and the burden of showing such falls upon the party asserting the dedication. See, *Burleson v. Town of Hamilton*, 213 Ala. 198, 104 So. 253 (1925); *Thomas*, supra, at 1098; *State ex rel v. Meaher*, 213 Ala. 466, 105 So. 562 (1925).

In applying the foregoing rules and principles of law to the facts of the instant case, this Court is of the opinion that the evidence affirmatively and unequivocally shows that the subject property was never dedicated as a public park, playground or other public recreational facility by either the clear express intent of Defendant City's grantors or by a municipal ordinance or resolution adopted by Defendant City's governing body.

First, it is clear that, pursuant to the deed by which Defendant City acquired the subject property (see, Exhibits B, C, D & E attached to Defendant City's Motion for Summary Judgment), there is no express or implied provision that the conveyance of the subject property was made upon the condition that the land be used for some public purpose. In fact, under the four corners of the deeds, there is no evidence at all indicating that the City's use of the subject property is limited or restricted in any way whatsoever. Thus, this Court finds that Plaintiff has failed to show such a dedication of the subject property via the

clear express intent on the part of the City's grantors.[5]

Secondly, it is the opinion of this Court that the evidence affirmatively shows that the Birmingham City Council has never adopted an ordinance or resolution dedicating the subject property as a public park, playground or other public recreational facility. As can be seen from the affidavit of one Jackson B. Bailey, City Clerk for the City of Birmingham, though many resolutions were passed by the City Council which affected the subject property, no resolution or ordinance was ever passed or otherwise approved which dedicated said property as a public park. Further, based upon the downtown "master plan" adopted by the City of Birmingham on May 5, 1981, it is clear that the subject property has, for some time, been the proposed site for a new federal courthouse complex in Birmingham, Alabama. As held in *Trustees of Howard College v. McNabb*, 288 Ala. 564, 263 So.2d 664 (1972), in order to constitute a dedication, *the clearest intention* on the part of the owner to that effect must be shown and the evidence must be clear and cogent and the acts of the owner relied upon to establish a dedication must be unequivocal in their indication of the owner's intention to create a public right exclusive of his own. See, also, *O'Rorke*, supra. This Court is of the opinion that said Defendant City has never intended the subject property to be a dedicated public park, playground or other public recreational facility.

Though this Court recognizes that there is some evidence to the effect that the subject property has been utilized as something in the nature of a public park (see Exhibit C to Plaintiff's motion for summary judgment and Plaintiff's reply to De-

fendants' opposition to Plaintiff's motion for summary judgment), such is irrelevant since (1) the evidence shows that subject property was not so utilized until after the conveyance to the federal government and a subsequent lease-back to the City of Birmingham and (2) any dedication following said conveyance has no effect. See, *State ex rel Davis v. Meaher*, supra.

Upon the basis of the foregoing, it is this Court's opinion that, as a matter of law, Plaintiff has failed to show the requisite dedication of said property as a public park, playground or other public recreational facility. Thus, Plaintiff had no right to vote on the conveyance of said property pursuant to § 35-4-410 and, the fact that Defendant City of Birmingham did not hold a referendum election pursuant to said statute prior to the conveyance, did not deprive Plaintiff of his right to vote or of due process of law. Accordingly, Plaintiff's claim under 42 U.S.C. § 1983 must fail as a matter of law and, a fortiori, Plaintiff has no cause of action under §§ 1985(3), 1986 or 1988 of said Title.

■ V. Finally, Plaintiff appears to claim that the consideration paid by Defendant United States was so grossly inadequate when compared with the value of other parcels of real property in the same area, as to constitute a donation of City property that amounts to a taking of property without just compensation in violation of the Fifth and Fourteenth Amendments. This Court can find no merit in such a claim in light of the fact that (1) the undisputed evidence shows that the Defendant City of Birmingham sold the subject property to the Federal Government for the sum of $199,402.00 a sum slightly higher

**5.** Plaintiff argues that, based upon the affidavit of one Bernard S. Steiner, one of Defendant City's grantors of said real property, there is evidence that, at the time the property was conveyed to the City of Birmingham, officials for said Defendant represented to Mr. Steiner that the City desired said property "for the purpose of building and maintaining a public park." [See Affidavit of Bernard S. Steiner attached to Plaintiff's motion for summary judgment]. Such evidence, however, does not change the fact that, according to the "four corners" of the deeds, the City of Birmingham acquired the

subject property in fee simple, free of any restrictive uses or conditions. Thus, what Mr. Steiner may have been told by some City official is inadmissible, under the parol evidence rule, absent some evidence that such a representation was false when made and with the intent to deceive or otherwise defraud Mr. Steiner into conveying to said Defendant his interest in the subject property. Finally, such evidence, being hearsay, is inadmissible evidence and, therefore, not to be considered on a motion for summary judgment. See, Rule 56(e), Federal Rules of Civil Procedure.

than the price at which the City originally acquired the property the previous year and (2) Plaintiff has failed to either compare the subject property to any other property or show that the consideration paid by Defendant United States was unfair or inequitable. See, *United States v. 320.0 acres of land, more or less, in Monroe County, State of Florida,* 605 F.2d 762 (5th Cir.1979). Accordingly, said claim must likewise fail.

An Order will be entered in accordance with this Opinion.

### ORDER

In accordance with the Opinion entered in the above-styled cause on this date, it is ORDERED, ADJUDGED and DECREED by this Court:

1. That Plaintiff's motion filed herein March 27, 1986, for leave to amend complaint be, and the same is hereby, granted.

2. That Defendant City of Birmingham's motion for summary judgment be, and the same is hereby, granted.

3. That Defendant United States' motion to dismiss or, in the alternative, motion for summary judgment be, and the same is hereby, granted.

4. That all other pending motions, including Plaintiff's motion for summary judgment, be, and the same are hereby, denied as moot.

5. That the above-styled cause be, and the same is hereby, dismissed with prejudice with costs taxed against the Plaintiff, for which execution may issue.