MADDOX, Justice.
Husband, Charles Kindig, and wife, Elizabeth Kindig, jointly owned property which originally belonged to wife’s father A. W. Smith. In this action, Charles Kin-dig sought to set aside a deed purportedly executed by him to his late wife in 1953. He claimed that 'his signature on the deed was a forgery.
The trial judge, after hearing oral testimony, including that of a handwriting expert, concluded that the signature on the 1953 deed was not a forgery.
Kindig appeals, claiming that we can review the evidence anew under the provisions of Title 13, § 17, Code of Alabama 1940. Appellant is obviously mistaken. It is settled that “findings of fact shall not be set aside unless erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” Rule 52, ARCP.
*682 Kindig also claims the trial court erred in refusing to permit him to testify concerning a conversation he had with his late wife’s father, A. W. Smith, now deceased, which Kindig says would show Smith was in financial need and that he, Kindig, paid for the land. This was not error. Assuming, without deciding, that the Dead Man’s Statute was applicable, and that the testimony would be inadmissible, the testimony was nevertheless inadmissible because it was too remote and irrelevant to the issue presented—the forgery of Kindig’s signature on the 1953 deed.
Kindig further claims that the trial court erred in admitting into evidence records of the Russellville Production Credit Association showing Kindig’s signature on or about the time of the alleged forgery. This was not error. Kindig admitted that the signatures on several of the documents were his. Properly authenticated records are admissible. Rule 44, ARCP.
Kindig further claims that the trial judge should be reversed because he permitted cross-examination of him, as follows :
“Q. You knew about it far more than ten months ago, because you were talking to Mr. Guin, far more than ten months ago. Did you ask Mr. Guin, to have your handwriting analyzed by an expert in Memphis ?
“A. Certainly did.
“Q. Did it come back as your handwriting?
“MR. GRAHAM: I object to that.
“THE COURT: Overruled.
“Q. Did it come back the signature was genuine ?
“MR. GRAHAM: We object to that, Your Honor.
“THE COURT: Overruled.
“A. It came back the first time, it was not my signature by 18 points, then, . . he came back and made the statement that he probably thought it might be mine.”
There was no error here. Wide latitude is allowed on cross-examination. See McElroy, The Law of Evidence in Alabama, Vol. 1, p. 327.
Lastly, Kindig claims that the trial judge should have permitted him to introduce into evidence a letter dated February 27, 1973, written by his attorney to a handwriting expert in Memphis. We have examined the record and determined that the trial court properly disallowed the introduction of the letter into evidence because it was hearsay.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES, EMBRY and BEAT-TY, JJ., concur.