HOLMES, Judge.
This is a divorce case.
The husband, through able counsel, appeals, contending the trial court erred to reversal regarding certain evidentiary matters. The husband also contends the trial court erred in awarding the wife $250 per month periodic alimony. We find no error requiring reversal and affirm.
We do not deem it necessary nor prudent to set out in detail the facts of this appeal. Suffice it to say that the parties were married for over twenty-five years. The husband’s take home pay is approximately $15,-000 per year. The wife’s health is not good, and for all practical purposes, she is presently unemployed.
The husband’s first contention is that the trial court erred in sustaining objections to certain questions relating to the wife’s alleged adultery. The acts complained of apparently occurred approximately fifteen years prior to the divorce action. We find no reversible error regarding the trial court’s actions for several reasons.
Initially, the question was asked of the wife whether she had committed adultery with various men in the last fifteen years of marriage. The wife answered “No” to that question. The attorney then asked whether she had committed adultery with certain named persons. The wife denied any such activity. The attorney for the husband then attempted to ask the wife about the period 1961-1966 in connection with one of the men she had been questioned about previously. Thereupon, the wife’s attorney objected and the court sustained. Clearly, the wife had already denied having a relationship and the question could have been determined to be simply cumulative. See Fuller v. Fair, 206 Ala. 654, 91 So. 591 (1921); Nunn v. Stone, 356 So.2d 1212 (Ala. Civ.App.1978); A.R.Civ.P., Rule 61.
Additionally, the question could under the present facts and circumstances have been considered too remote. The trial court has the discretion to reject evidence it considers too remote. Unless the discretion of the trial court is grossly abused in deciding upon the question of remoteness, it will not be considered error on appeal. Kindig v. Rea, 334 So.2d 681 (Ala.1976); McElroy’s Alabama Evidence, § 21.01(2).
Furthermore, even if error be assumed it would be harmless. Rule 45, A.R.A.P.; Rule 61, A.R.Civ.P. There is ample evidence to support the divorce on grounds of incompatibility of temperament and the award of periodic alimony. The parties had not gotten along with each other for several years. Their feelings for each other can be characterized as acrimonious at best.
As to the contention that the award of $250 a month to the wife as periodic alimony is an abuse of discretion, we find none. The awarding of periodic alimony is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Meyers v. Meyers, 55 Ala.App. 697, 318 So.2d 725 (1975).
In the present case, the husband is employed earning approximately $15,000 net. The wife is in bad health and that combined with her age make her employment prospects appear rather bleak. The parties were married almost twenty-eight years. During that time the wife worked continu *1096 ously and contributed towards the home and family. In view of the above, we cannot say that an award of $250 a month is an abuse of discretion requiring reversal, even if the wife was in fact guilty of adultery.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.