This is a child custody case.
Following an ore tenus hearing, custody of the parties' two minor children was awarded to the wife, Victoria M. Webster. The husband, Ronald L. Webster, appeals from the judgment asserting: (1) the court abused its discretion when it awarded custody of the children to the wife; (2) the court was without jurisdiction to decide the cause; and (3) the court committed reversible error when it failed to admit certain evidence at the hearing.
A custody determination made pursuant to a divorce decree will not be reversed on appeal unless the trial court's order reflects an abuse of discretion. Cooper v. Cooper,473 So.2d 1083 (Ala.Civ.App. 1985). We have reviewed the record and fail to find any such abuse. Moreover, although the husband asserts the evidence does not support the court's custody award, he fails to support his contention of an abuse of discretion with any legal authority. Allegations of error not supported by authority do not constitute valid argument. Gunnv. Jefferson County Department of Pensions Security,467 So.2d 963 (Ala.Civ.App. 1985); Rule 28(a)(5), Alabama Rules of Appellate Procedure. Consequently, the argument is waived.Super X Drugs v. Martz, 51 Ala. App. 370, 286 So.2d 47
(Ala.Civ.App. 1973).
The husband further maintains that the court's order is invalid due to a lack of jurisdiction. He bases this contention on section 30-2-5, Code 1975, which provides:
 "When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved." *Page 7 
Husband asserts that this statute deprived the court of jurisdiction because neither he nor his wife had been residents of Alabama six months prior to the filing of her complaint. We disagree.
Pursuant to section 30-2-5, the six month residency requirement attaches only when the defendant is a nonresident. It is well settled that residency in our divorce statutes means domicile. Gee v. Gee, 252 Ala. 103, 39 So.2d 406 (1949). Consequently, if the husband was domiciled in Alabama at the time the wife filed her complaint, then he is not a nonresident. Absent his categorization as a nonresident, the six month requirement will not attach to the wife. § 30-2-5, Code 1975.
We have reviewed the record and find that the evidence amply supports a finding that the husband was, indeed, domiciled in Alabama. (1) The husband's job was in Huntsville, Alabama; (2) the home owned by the parties was located in Huntsville, Alabama; (3) the parties' children were enrolled in school in Madison County; (4) although the husband's answer denied his residency in Alabama, his counterclaim alleged he was an Alabama resident six months prior to his filing the counterclaim.
The counterclaim was filed on December 4, 1986. The wife's complaint was filed on September 17, 1986. Thus, by his own pleading, husband admits that he was a resident of Alabama when the complaint was filed. Moreover, the counterclaim filed by the husband sought almost the same relief as that sought by the wife and, in view of the fact that the wife was an Alabama resident, the court had jurisdiction of the parties either by way of wife's complaint or husband's counterclaim. We find no error here.
Finally the husband argues that the court erred in not admitting several pieces of evidence. The evidence was disallowed on the ground of remoteness. The admission or exclusion of evidence based on a theory of remoteness is discretionary with the trial court. Pollard v. Pollard,429 So.2d 1094 (Ala.Civ.App. 1983). Absent a gross abuse of that discretion, the exclusion will not be deemed error. Pollard,supra.
The excluded evidence related to the wife's treatment of the children approximately eight years prior to trial. We cannot say the trial court committed reversible error in disallowing it.
The decree of the trial court is affirmed.
The wife's request for attorney's fees is granted in the amount of $400.00.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.