ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child custody case.
On September 22, 1989 David Mallory Shelton, Sr. (father) filed a complaint, requesting inter alia a divorce from Ginger Simmons Shelton (mother) and custody of their infant son. The verified petition also contained various allegations of irrational behavior and adultery of the mother. The mother counterclaimed, requesting custody.
Following ore tenus proceedings, the divorce was granted. Custody of the couple’s three-year-old son was awarded to the father. The mother appeals.
The mother first argues that the trial court abused its discretion in awarding custody of the child to the father. It is well settled that when evidence in a custody matter is presented ore tenus the finding of the trial court is presumed correct. Smith v. Smith, 448 So.2d 381 (Ala.Civ.App.1984). The trial court’s decision will not be reversed absent a showing of palpable error. Shepherd v. Shepherd, 531 So.2d 668 (Ala.1988).
The mother contends that the evidence is insufficient to support the trial court’s finding. There are certain factors a trial court may consider in making a custody determination in an original divorce action. These factors include, in pertinent part: (1) the respective home environments offered by the parties; (2) the characteristics of those seeking custody, including age, character, stability, and mental and physical health; and (3) the capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the children. Lipsey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App.1984). The record reveals that the trial court focused primarily on the above factors in making its determination of custody.
After a close review of the record, we find that the evidence amply supports the allegations of the complaint and the trial court’s judgment. The evidence indicates that the mother has hypoglycemia, which causes her recurring periods of extreme anxiety and disorientation. The mother will not adhere to the strict, low-sugar diet prescribed by her doctor to control the condition.
The record reflects the mother’s general pattern of irrational behavior, as well as her inability to care for the child’s basic needs of nutrition and hygiene. The mother’s unchecked hypoglycemia appears to worsen this inability.
The evidence supports the father’s greater fitness to care for the child. According to the record, the father has a history of regular marijuana use and a past divorce. Throughout his second marriage, the father was often financially dependent on his parents. The father testified that he did not spend a great deal of time with the child while he was married. However, the father also testified that he has stopped using marijuana, is gainfully employed in a *1130 good job, and has hired a responsible nanny to help him with child care.
The court found that the father displayed the willingness and ability to meet the child’s various needs. When the evidence is judged by the different factors considered by the court, it readily appears that the father is the better qualified custodian. There is no error apparent in the trial court’s finding.
The mother also argues that the trial court erred in restricting the scope of questioning concerning the habits of the father’s mother and step-father. The mother contends that the father’s parents are closely involved in the care of the child and therefore should have been more closely scrutinized at trial.
Questions of materiality, relevancy, and remoteness of evidence rest largely with the trial court, and its ruling must not be disturbed unless its discretion has been grossly abused. Pollard v. Pollard, 429 So.2d 1094 (Ala.Civ.App.1983). The record reveals no such abuse. The trial court permitted examination of the paternal grandmother concerning her prior marriages and use of alcohol and drugs. The court also admitted evidence that the paternal grandfather had been seen drunk on several occasions in 1976. The record indicates that the trial court allowed a generous scope of questioning by the wife's counsel.
The evidence shows no abuse of discretion in the court’s award of custody to the father. The trial court’s judgment is therefore affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.