On Application for Rehearing

KENNEDY, Justice.
The opinion of January 28, 1994, is withdrawn and the following is substituted therefor.
This is a failure of proof case — nothing more, nothing less.
Robert Hampton sued Bruno’s, Inc., d/b/a Consumer Warehouse Foods (hereinafter “Bruno’s”), alleging negligence and wantonness; he claimed to have fallen after slipping on a liquid on the floor of a store operated by Bruno’s. At the hearing on the defendant’s motion for summary judgment, Hampton sought to admit an accident report prepared by a Bruno’s employee; Hampton argued that it was admissible under the business records exception to the hearsay rule. Bruno’s objected to the admission of the accident report, on the basis that Hampton had failed to lay the proper foundation, pursuant to Rule 44(h), A.R.Civ.P., for admitting it under a business records exception. Specifically, *599 Bruno’s asserted that Hampton did not show that the accident report was made “in the regular course of ... business” or that it was the “regular course of ... business [at Bruno’s] to make such [a report].” Rule 44(h). Agreeing with Bruno’s, the trial court held that Hampton had failed to lay the proper predicate; accordingly, the trial, court did not consider the accident report as part of the evidence. Subsequently, the trial court entered a summary judgment in favor of Bruno’s.
By our opinion of January 28, 1994, we affirmed that summary judgment. On Hampton’s application for rehearing, the Alabama Trial Lawyers Association filed an ami-cus curiae brief. Relying on our holding in Alabama Power Co. v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975), both Hampton and the amicus contend that because Bruno’s produced the report without objection, pursuant to Hampton’s discovery request, it waived any right it had to object to the admission of the report under the business records exception to the hearsay rule. We disagree with this interpretation, because Tatum did not speak to the issue of whether the elements of the business records exception had been met. We also think that interpretation would be inconsistent with the Alabama Rules of Civil Procedure.
It is clear that the accident report constitutes hearsay. We need only decide whether it can be admitted under one of the exceptions to the hearsay rule. Hampton offered the accident report as a document admissible under the business records exception to the hearsay rule. Because Bruno’s objected to the admission of the report under the business records exception, Hampton had the burden to prove (1) that the document was genuine or authentic; (2) that the document met all of the elements of the business records exception; and (3) that the document was relevant. While we agree that the document was automatically authenticated upon production by Bruno’s pursuant to Hampton’s discovery request, we conclude that Hampton failed to prove the elements of the business records exception.
It is an established rule of evidence that, to admit any document into evidence over objection, the party offering the evidence must show that the document is genuine or authentic. Chrisman v. Brooks, 291 Ala. 237, 279 So.2d 500 (1973). This authentication requirement is totally separate from the requirements of the business records exception. While authentication is necessary before a document can be admitted under the business records exception, authentication alone is never sufficient to admit a document as a business record over a party’s objection. See, Atmore Farm & Power Equipment Co. v. Glover, 440 So.2d 1042 (Ala.1983). The offering party must always meet the requirements of the business records exception in addition to the authentication requirement, if the other party makes the proper objection.
Rule 44(h), A.R.Civ.P., provides the requirements for the business records exception to the hearsay rule. It states in pertinent part:
“Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if it was made in the regular course of any business, profession, occupation, or calling of any kind, and it was the regular course of the business ... to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter.”
(Emphasis added.) According to the language of the rule, upon objection the offering party must prove three elements in order to admit a document under the business records exception to the hearsay rule. Rule 44(h) A.R.Civ.P.; Meriwether v. Crown Investment Corp., 289 Ala. 504, 268 So.2d 780 (1972). The offering party must show first that the document is a memorandum or record of an act, transaction, occurrence, or event; second, that the document offered for admission was prepared in the opposing party’s regular course of business; third, that it was in the regular course of business for the opposing party to prepare such a document.
As the amicus states, it is true that the Court in Tatum admitted two documents *600 as business records over the defendant’s objection because it found that the defendant had waived its objection by producing the documents. However, it is also true that the Tatum case dealt with an objection to the authenticity of the documents and does not speak to whether the plaintiff proved the requirements of the business records exception.
In Tatum, the defendant produced two documents pursuant to a discovery request by the plaintiff. At the trial, the defendant, Alabama Power Company, objected only to the genuineness or authenticity of the documents it produced. Importantly, the defendant did not object to the plaintiff’s failure to prove any of the elements required by Rule 44(h). Because the defendant made no objection based on the requirements of the business records exception, those requirements were not raised at trial by the defendant and they were not before this Court in Tatum. In fact, Tatum expressly states:
“[The business records] rule does not relate to authentication of documents produced by the objecting party in compliance with a motion to produce. That element of the required predicate as to genuineness of documents has been satisfied by the objecting party’s compliance with the motion to produce.”
293 Ala. at 500, 306 So.2d at 251. Because the defendant in Tatum did not specifically object on the basis that the documents in question did not meet the business records requirements, the Tatum Court’s holding merely stands for the proposition that when a document is produced by a party during discovery, that party waives the right to object to the admission of the document on the basis of its genuineness or authenticity.
The objection in the present case is entirely different from the one in Tatum. Bruno’s did not object on the basis of the genuineness of the accident report. Instead, Bruno’s objected to the admission of the accident report on the basis that Hampton had not met the elements of the business records exception. It is clear from the record that Hampton failed to show that the Bruno’s accident report met any of these elements. Thus, we agree with the trial court’s ruling that the report was not admissible.
Aside from the language of the Tatum case, our holding is supported by the Alabama Rules of Civil Procedure. Rule 26 plainly states that discoverable material is not necessarily admissible.[1] In fact, this Court recently commented:
“[Rule 26(b)(1) ] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit.”
Ex Parte AMI West Alabama General Hospital, 582 So.2d 484, 485-86 (Ala.1991).
Hence, Hampton’s assertion that any relevant document that is discoverable is automatically admissible under the business records exception absent an objection by the producing party at the time of discovery is clearly inconsistent with Rule 26.
Furthermore, because not every document is a business record, Hampton’s contention that all documents that are discoverable are admissible would violate the clear language and intent of Rule 44(h), A.R.Civ.P. The exceptions to the hearsay rule were designed to admit reliable evidence otherwise excluded by the hearsay rule. However, the new rule fashioned by Hampton and the amicus would admit unreliable documents as well.
For example, assume that a plaintiff had requested production of all documents the defendant had on file pertaining to a plaintiffs fall in a small grocery store operated by *601 a sole proprietor who did not have a procedure for employees to follow if a customer slipped and fell in the store. Further assume that nevertheless the employee made a written statement regarding what had happened and gave the statement to the employer. Under Rule 44(h), this would not be a business document because it was not made as part of the store’s regular course of business; however, despite the plain language of the rule, it would be admissible under Hampton’s reasoning as a business document, under the exception, unless the defendant had objected to the document before producing it in response to the plaintiffs discovery request. While we sympathize with the plaintiffs situation, we simply cannot allow the plaintiff to circumvent the Alabama Rules of Civil Procedure.
It is important to note that even if an accident report meets the requirements of the business records exception, the offering party still has to show that the evidence is relevant to the issue presented at the summary judgment hearing. Tatum, 293 Ala. at 500, 306 So.2d at 251. However, we do not reach this question, because Hampton failed to prove the elements of the business records exception.
Based on the evidence before the trial court, we conclude that the trial court properly entered the summary judgment for Bruno’s. A summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3). Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence creating a genuine issue of material fact. Hope v. Brannan, 557 So.2d 1208 (Ala.1989). The evidence will be viewed in a light most favorable to the non-moving party. King v. Winn-Dixie of Montgomery, Inc., 565 So.2d 12 (Ala.1990).
To recover damages in a slip and fall ease, a plaintiff must prove that the fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendant’s negligence, and that the defendant had or should have had notice of the defect or instrumentality before the accident. Logan v. Winn-Dixie Atlanta, Inc., 594 So.2d 83 (Ala.1992).
Viewing the evidence in a light most favorable to Hampton, we hold that Hampton failed to present substantial evidence creating a genuine issue of material fact. That is, Hampton failed to present substantial evidence that Bruno’s knew or should have known, before the accident, of the liquid on the floor.
For the aforementioned reasons, the judgment is affirmed and the application for rehearing is overruled.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; APPLICATION OVERRULED.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur.

. Rule 26(b)(1) provides:
"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."